**BLACK, Mayor, et al. v. TOBIN et al.
(No. 7016.)**

(Court of Civil Appeals of Texas. San Antonio. April 2, 1923.)

Municipal corporations ⬅129—Commissioners of San Antonio have exclusive power to appoint election officers.

Under City Charter of San Antonio, § 12, par. 2, providing that after June 1, 1915, all officers "of all elections" shall be chosen by the commissioners in open meeting, the commissioners alone, after June 1, 1915, have the power to appoint all election officers; the mayor, under paragraph 1, having been given such power of appointment for the first election only, before the commission form of government had been in working order.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Application by John W. Tobin and others for injunction to restrain O. B. Black, as Mayor of the City of San Antonio, Tex., and another, from issuing certain commissions. From an order granting a temporary writ, defendants appeal. Affirmed.

Douglas, Carter & Childers, of San Antonio, for appellants.

Joseph Ryan and R. J. McMillan, both of San Antonio, for appellees.

FLY, C. J. This is an appeal from an order granting a temporary writ of injunction restraining O. B. Black, mayor of the city of San Antonio, and O. C. Speight, city clerk, from appointing or issuing commissions or credentials as presiding officers at the primary election to be held in the city of San Antonio, on April 23, 1923, and at a general municipal election to be held in the city aforesaid, on May 8, 1923, to Charles R. Tips and others named by the mayor as presiding officers of such elections, and ordering said mayor and city clerk to at once and forthwith execute, issue, and deliver their commissions and credentials empowering Fred V. Small and others to act as presiding officers at said elections; and it was further declared in the order that the last-named persons had been duly elected presiding officers of said elections by the commissioners of the city of San Antonio, and the mayor and all the other defendants were restrained from in any way interfering with the parties named in the discharge of their duties as presiding officers of such elections.

The facts are that at a regular meeting of the commissioners of the city of San Antonio, held on April 9, 1923, there were present as a legal quorum John P. Pfeiffer, commissioner of taxation, as mayor pro tem, and Commissioners Phil Wright and Ray Lambert; that they proceeded regularly to appoint Fred V. Small and others to act as presiding officers of the primary election to be held on April 23, 1923, and the final election to be held on May 8, 1923, of their respective voting precincts; said elections being held for the purpose of choosing a mayor and four commissioners to serve the city of San Antonio for the ensuing two years. Mayor Black was not present at that meeting, but, on April 10, 1923, disapproved of and sought to veto the action of the mayor pro tem. and two commissioners in making such appointments, and on April 12, 1923, at a regular meeting, advised the commissioners that he alone had the right and authority to appoint presiding election officers, and that he had appointed Charles R. Tips and others as presiding officers, and all of the commissioners refused to concur in his appointments but condemned the same.

The question presented to this court is: Who has the authority to appoint the presiding officers of elections in the city of San Antonio, the mayor or the commissioners? This must be determined by the charter of the city.

Section 12, par. 1, of the City Charter, provides:

"All elective officers under this charter shall be elected at the regular municipal election which shall be held on the second Tuesday in May, 1915, and on the second Tuesday in May every two (2) years thereafter. Of such election at least twenty days previous notice shall be given by proclamation, and such election shall be ordered by the mayor, and in case of his failure to order the same, it may be ordered by the city council or any two members of the council, and the authority ordering the election shall appoint the presiding officers in each precinct. All elections shall be held in accordance with the general laws of this state. The qualification of voters shall be the same as prescribed in the Constitution and laws of this state."

It is the contention of appellant that the paragraph copied places the power of appointing the presiding officers of elections in the hands of the mayor, and that as his is primarily the duty to call all elections, his primarily is the duty to appoint the presiding officers. While the paragraph in question is obscure and somewhat confusing in its terms, still we think it fairly evident that it was intended to make provision only for the first election to be held under the charter amendments in 1914, as is evident by the use of city council; but if not then there is an apparent conflict between the provisions as to the appointment of presiding officers of the different precincts and the provisions of paragraph 2 of the same section. That paragraph provides:

"At all elections from and after June 1, 1915, in case of the failure of the mayor to order the same as herein provided, it may be ordered by the board of commissioners, or any two mem-

bers of the board. All officers of all elections after June 1, 1915, shall be elected by the commissioners in open meeting, and shall be qualified voters of said city, and of the precinct in which they are to serve; provided, however, that each candidate for mayor or any two candidates for commissioner shall have the right to select a supervisor in and for each precinct, who shall watch the making of ballots of illiterate voters and perform such other duties as shall be prescribed by the General Laws of the state, and such candidates shall furnish the names of the supervisors to said commission at least five (5) days before said election. All officers of election selected by such commissioners shall be selected not less than ten (10) days before the election, and no person shall be selected as an officer of election who holds any office of trust or profit under the city of San Antonio, or any of its departments."

It will be noted that the latter paragraph provides in clear and unmistakable terms that after June 1, 1915, "all officers of all elections" shall be chosen by the commissioners, not in secret conclave, but "in open meeting," and provides the qualifications of each of said officers. They shall be qualified voters of said city and of the precinct in which they are to serve. These provisions are intended to guard the local rights of the citizens of each precinct and requires an open appointment that protests may be heard and entertained against the men appointed to preside over the elections in the different precincts. That paragraph is succinct and clear, and gives the commissioners authority to appoint all election officers—not all except the presiding officers, but all from presiding officers down. One great object of the adoption of the commission form of government was to place the powers of government in the hands of commissioners, whose special powers are enumerated, rather than in the hands of a mayor. The government by mayor and council had been fully tried and found wanting. There is a clear intention evidenced by the paragraph quoted to lift the elections, as far as possible, from under the influence of any one man and give the appointment of all election officers into the hands of the commissioners. The very fact that no qualifications are required for presiding officers in the first paragraph would indicate that the mayor was given the appointment of such officers, for the first election only, before the commission had been placed in working order. Under its loose provisions all the presiding officers could be appointed from one precinct in the city, and the people deprived of local representation. The words of paragraph 2 are plain and explicit, and under its terms from and after June 1, 1915, the commission, and the commission alone, has the appointment of all election officers.

The judgment is in all things affirmed.