Honorable A. R. Schwartz Chairman Jurisprudence Committee Senate of the State of Texas Austin, Texas
Re: Whether the Open Meetings Act prohibits a governmental body from choosing its officers in closed session.
Dear Senator Schwartz:
You ask two questions regarding the phrase `public officer or employee' in section 2(g) of article 6252-17, V.T.C.S., the Texas Open Meetings Law. The Open Meetings Law requires that deliberations of governmental bodies be conducted publicly, after notice. See Attorney General Opinion H-238 (1974). Discussion of certain subjects may, by express exception, be held in closed session. Subsection 2(g) makes such an exception:
 Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, unless such officer or employee requests a public hearing.
You ask whether a city council may select a mayor pro team in closed session. You also ask whether a governmental body may choose officers for its governing board in closed session. In essence, you inquire whether the Open Meetings Act permits a governing body to discuss the appointment or reassignment of one of its own members in closed session.
A city council is, of course, subject to the Open Meetings Act. See V.T.C.S. art. 6252-17, § 1(c). Although subsection 2(g) of the Act is commonly referred to as the personnel exception, the actual term used in the subsection is `public officer or employee.' We believe the mayor pro tem chosen by a city council is a public officer within subsection 2(g), and that the Open Meetings Act does not require his selection to take place in open session. The language of 2(g) does not distinguish between officers who are members of the governmental body and other officers. The Open Meetings Act does not, therefore, require to council to meet in open session when it discusses the appointment of a mayor pro tem, unless the person under consideration requests a public hearing. See Corpus Christi Classroom Teachers Ass'n v. Corpus Christi Independent School Dist., 535 S.W.2d 429
(Tex.Civ.App.-Corpus Christi 1976, no writ). The meeting must be publicized as required by section 3A, and any closed session must first be announced in open meeting as specified in section 2(a). All formal action must be taken in public. Sec. 2(1); see Attorney General Opinion H-496 (1975).
A city council must, of course, comply with any charter provision requiring it to select officers in open meeting. Black v. Tobin,250 S.W. 257 (Tex.Civ.App.-San Antonio 1923, no writ). Other governmental bodies may also conduct closed meetings to discuss selection of public officers and employees without violating the Open Meetings Act. Of course, there may in some cases be other statutes and regulations relevant to the question of closed sessions which ought to be considered in conjunction with the Open Meetings Act.
In conclusion, we note that while section 2(g) of the Open Meetings Act generally permits public bodies to consider the selection of officers of a governing board in a closed session, it certainly does not require that a meeting of this kind be closed. Rather, such a meeting may be opened to the public either by request of a prospective appointee, by charter or rule, or by a determination by the public body that the process of selecting its officers should be fully open to public scrutiny.
 SUMMARY
The Open Meetings Act does not prevent a city council from meeting in closed session to discuss the selection of a mayor pro tem, unless the ?? under consideration objects. Other governmental bodies may meet in closed session to discuss the appointment ?? ??. A meeting to ?? of the ?? of a city council or governing board may be opened by request of a prospective appointee, by charter or rule, or by the council or board itself.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee