FLEMING & DAVIDSON v. ROHLEDER
et al.†

(Court of Civil Appeals of Texas. March 8, 1911. Rehearing Denied March 29, 1911.)

1. INJUNCTION (§ 130*) — FINDINGS — SUFFICIENCY.

Where, in a suit to restrain a trespass, the findings show sufficient title in plaintiffs to entitle them to relief, they cannot complain of failure to make more extended findings.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 288; Dec. Dig. § 130.*]

2. APPEAL AND ERROR (§ 1071*) — REVIEW — FINDINGS.

In a suit to restrain a trespass, plaintiffs cannot complain of findings as to the effect on plaintiff's stock of hunting, camping, etc., in a pasture, where it was found that defendants never went into the pasture without permission and had not threatened to do so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

3. INJUNCTION (§ 128*)—INTENTION TO TRESPASS—EVIDENCE.

That defendants signed a petition to legislative members to procure a law exempting the county from a law restricting hunting on certain lands is no evidence of a threat or intention on their part to hunt or fish on plaintiff's lands in that county so as to entitle the latter to an injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 278; Dec. Dig. § 128.*]

Error from District Court, Maverick County; W. C. Douglas, Judge.

Action by Fleming & Davidson against George Rohleder and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Plaintiffs in error, hereinafter called "plaintiffs," brought this suit against defendants in error, George and Sieg Rohleder, and J. K. Wilson and Ferd Dolch, hereinafter called "defendants," to enjoin them from hunting in their pastures of about 150,000 acres inclosed by wire fences and having therein about 6,000 steers, which were being fattened for market when the suit was instituted. As the sufficiency of plaintiffs' petition to entitle them to the relief sought is not questioned here, we assume, pro hac vice, without raising or inquiring into the question, whether it states grounds entitling them to the equitable relief prayed for, that it does. In this view we are relieved from a full recitation of its allegations. Suffice to say that it alleges plaintiffs' ownership and possession of the land, its inclosure and use by them as a pasture, in which they were pasturing about 6,000 head of steers for market; that defendants were threatening and preparing to enter their premises with a number of other parties unknown to them to camp and hunt thereon for wild game with dogs, rifles, and shotguns, without plaintiffs' permission and against their protest; that in camping and hunting therein defendants would frighten plaintiffs' steers and keep them from fattening, cause them to lose flesh, become wild, and decrease in value, and would, in shooting in the pasture with long-ranged rifles, with which they were equipped in preparation for their contemplated hunting excursion on plaintiffs' premises, in all probability shoot, wound, and kill a number of plaintiffs' steers, without their being able to ascertain who of the defendants, or the persons accompanying them on their prospective hunt, inflicted such injuries to their cattle; that defend-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 19, 1911.

ants contemplated camping near the streams running through their pasture and fishing in them, which would also scare their steers and keep them from obtaining drinking water, necessary to their keeping in good condition, thereby preventing them from fattening and causing them to lose flesh and deteriorate in value; that defendants would, in building camp fires in plaintiffs' pastures, burn and consume much of their wood, depriving them of its value; that fire from their camp fires would likely be communicated to and spread over the grass growing in their pastures, destroying the same and render their land unfit for pasturage, to plaintiffs' great damage and irreparable injury; that plaintiffs are without an adequate remedy at law to redress the injuries and damages which would inure to them from defendants' contemplated trespass upon their said land; and that unless they are enjoined and restrained therefrom plaintiffs will suffer great and irreparable injuries. A temporary writ of injunction was issued, as prayed for, which, upon the coming in of defendants, was dissolved. The plaintiffs having dismissed the case as to the defendants Wilson and Dolch, and upon hearing the case, as against the other two defendants, upon its merits, judgment final was entered denying plaintiffs the relief prayed for, from which judgment this appeal is prosecuted. The trial judge, before whom the case was tried without a jury, filed his conclusions of fact and law upon which the judgment is predicated.

Winchester Kelso, for plaintiff in error. J. R. Sanford and Murray & Murray, for defendants in error.

NEILL, J. (after stating the facts as above). 1. The first five assignments of error are directed against the court's finding of fact relating to plaintiffs' title and possession to the lands described in their petition upon which it was alleged the contemplated trespass was about to be committed by the defendants. These findings are amply sufficient to show that plaintiffs' title and possession of all the land described in their petition were such as the owners could predicate an action upon against one who, claiming no interest in or right of possession thereto, threatened and was about to commit such a trespass thereon as a court of equity is authorized to restrain. Further than this, the court was not required to go in its findings; nor did the plaintiffs have any right, in so far as the merits of this case are concerned, to more extended findings upon such issues.

2. The next three assignments of error relate to the findings of the court as to the effect hunting, fishing, firing guns, going on foot over, and camping in, a pasture stocked with steer cattle would have on such animals. As the court found as facts that the defendants never hunted, fished, fired their guns, or

went through plaintiffs' pastures stocked with such cattle without plaintiffs', or their authorized agent's, consent or permission, and that they had not threatened nor contemplated doing so at any time before or after this suit was brought, it is wholly immaterial to this cause, if such findings are correct, what effect such acts, or any of them, would have on plaintiffs' cattle.

3. The ninth, tenth, and eleventh assignments of error complain of the court's finding as facts that the defendants Rohleder had not threatened to hunt, fish, or camp on plaintiffs' premises since April, 1909, and that there was no evidence of the intention of either to do so, unless their signing a certain petition to the Legislature was evidence of such threat or intention as a matter of law. These findings are evidently correct. But the insistence of plaintiffs is that their signing of such petition does show such threat and intention as a matter of law. The petition was addressed to the senator and representative of the senatorial and representative district in which Maverick county was then situated. After certain prefatory representations, the petition proceeds as follows: "We therefore respectfully ask that each of you introduce the bill hereto attached, placing Maverick county among those counties that are now exempt from the provisions of said law, and kindly see that same is enacted. In the event of a law being passed prohibiting hunting in pastures except those of over 50,000 acres (we understand that such a bill has been or will be introduced), we ask that Maverick county be exempted from the provisions thereof, if such be possible."

We fail to perceive any reason why defendants' signature to such a document should be taken as any evidence at all of a threat or intention on the part of its signers to hunt or fish in plaintiffs' pastures. Section 27 of the Bill of Rights provides that "the citizens shall have the right, in a peaceable manner, to assemble together for the common good, and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance." The exercise of this right is beyond the power, control, or limitation of government. To say that its exercise shall be taken as evidence against the citizen of an intention to commit a trespass or wrong would be to deny and scoff at a right reserved by the people to themselves, secure from the touch of the hand of the government which they have instituted and maintain in subordination to it.

4. The remaining assignments relate to the trial court's conclusions of law. These we need not consider further than to say that from facts found by the court below and approved by us it follows as a matter of law that plaintiffs showed no right to the injunction, and that it was properly dissolved.

Affirmed.