### KEAN & CROFFORD CO. v. CITY OF DALLAS. (No. 8871.)

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1922.)

1. Injunction ⬥12—Issues only to restrain hurtful or wrongful conduct existing or threatened.

Equity restrains by injunction only the continuance of hurtful and wrongful conduct actually existing or threatened.

2. Injunction ⬥118(2)—Petition for injunction on city's refusal to issue building permit held not to state cause of action.

A petition for an injunction directed against a municipal corporation and its agents, alleging that the city has refused to issue a building permit and that irreparable loss will result if the building is not commenced at once, and which fails to allege any hurtful or wrongful conduct actually existing or threatened, or any wrongful acts committed or that may be committed, or the existence of any city ordinance that prevents the construction of the

building, does not state a cause of action of injunction.

**3. Constitutional law ⊚⟶46(1)—Constitutionality of an enactment not determined if unnecessary.**

The constitutionality of an· enactment should not be passed on in a case wherein proper disposition of it may be made without reference to such feature.

Appeal from District Court, Dallas County; Royall R. Watkins, Special Judge.

Petition by the Kean & Crofford Company for an injunction direct to the City of Dallas. From a judgment dissolving a restraining order and sustaining a general demurrer to petition, petitioner appeals. Affirmed.

Read, Laurance & Bates, of Dallas, for appellant.

J. J. Collins, Allen Charlton, Carl B. Callaway, Leake & Henry, E. B. Perkins, and Burgess, Burgess, Sadler-Christman & Brundidge, all of Dallas, for. appellee.

HAMILTON, J. This is an appeal from a judgment dissolving a restraining order issued at the instance of appellant against appellee, its agents, officers, and employés, and sustaining a general demurrer to the petition for injunction, which action resulted in the dismissal of the suit.

The first proposition with which this court is called upon to deal is that of whether or not the petition in the case is sufficient to sustain a decree of injunction. The view we hold upon this feature renders it unnecessary for us to proceed beyond this question to the consideration of any other point presented.

The allegations of the petition are as follows:

"On to wit, May 15, 1922, ·and prior thereto and at the present time, the plaintiff was and is the owner in fee simple of a lot in the city of Dallas, Tex., located at the southwest corner of Peak street and Gaston avenue, fronting about 65 feet on Peak street and running back along Gaston avenue for a depth of about 140 feet. Prior to May 15, 1922, the plaintiff applied to the mayor and board of commissioners of the city of Dallas for a permit to erect a ,three-story building on said lot, declaring that the ·first story of said building was to be used for store houses for the sale of goods, wares, and merchandise and that the second and third stories were to be made into rooms and apartments for living purposes. On May 15, 1922, the mayor and board of commissioners of the city of Dallas refused plaintiff's permit for the erection of said building.

"Said lot, if used strictly for residence purposes, is not worth more than $7,500, but improved and used for the purposes designed by the plaintiff, it is worth $25,000, and the plaintiff has already leased a part of the space on . the ground floor of its proposed building to be used for the sale of groceries for the term of· five years for a rental of $7,500, and plaintiff will be able to lease the balance of said build-. ing on very profitable terms.

"If plaintiff is not permitted to begin the erection of said building at once, it will lose the valuable lease already executed, and will be seriously damaged in being deprived of the rents, revenues, and profits which it expects· to derive from said building.

"The action of the mayor and the board of commissioners of the city of Dallas in refusing plaintiff a permit to erect said building was unlawful and without warrant or authority in law, since the use to which plaintiff desires to put said lot is a lawful and proper· use and a reasonable and proper exercise of the right of ownership of said lot by the plaintiff.

"Plaintiff will suffer irreparable loss if it is not permitted to begin the construction of said building immediately, and it has no adequate remedy at law."

[1, 2] This petition does not state a cause of action. Equity restrains by the remedy sought only the continuance of hurtful and wrongful conduct actually existing or threatened. No conduct is described as being indulged in or threatened by appellee upon which to invoke the harsh remedy of injunction. The allegations do not disclose what wrongful acts are being committed or may be committed by appellee. The only specific act alleged is that appellee has unlawfully refused to issue a building permit. This act is a completed one already past. The petition does not allege the existence of any ordinance of the city of Dallas which prevents the construction of the building without a permit, and we cannot judicially know that any such ordinance does exist. No other circumstance is alleged to exist as a barrier to constructing the building free of interference by appellee. The petition is therefore completely barren of allegations which warrant the relief sought.

In passing upon the sufficiency of a petition for injunction, it must ever be borne in mind that the nature of the remedy invoked is both extraordinary and severe. An injunction acts directly upon the person either of the defendant or the defendant's agents, if not upon that of both. It subjects the action and conduct of the litigant it is directed against to the command and control of the court, and nullifies his volition and liberty of action to the extent that it prohibits, restrains, or requires. the doing of anything the right to do which is contested. Such being the character of the remedy, the rigid requirement obtains, and of course ought to obtain, that a clear right to it must be alleged as well as proved. The petition must contain allegations of ultimate facts which reveal the wrongful conduct to be enjoined, and the existence of which is to be established by the evidence.

[3] The question of the validity of a certain

---

ordinance of the city of Dallas adopted in consonance with charter authority conferred upon that city by the Legislature is comprehensively briefed by both parties. This ordinance is designed to prohibit the erection of buildings except for certain purposes in designated districts of the city. It is what is commonly known as a zoning ordinance. Since it is our duty to dispose of the appeal with reference to the sufficiency of the petition, which, in our opinion, is inadequate for the reasons above indicated, we abstain from expressing our views upon any other question.

The constitutionality of an enactment by a legislative body should not be passed upon in a case wherein a proper disposition of it may be made without reference to such feature.

The judgment is affirmed.