This suit grows out of a labor dispute between Dorothy Frocks Company, a corporation of San Antonio, Tex., appellee *Page 1347 
here, and a majority of its employees, who are members of the International Ladies' Garment Workers' Local Union No. 123, and others, appellants in this appeal.
On the 6th day of May, 1936, 54 out of 68 total employees of appellee corporation, a manufacturer, of ladies' dresses, went out on strike, and among other things began picketing appellee company and to carry placards, accusing the company of unfair labor practices. On May 11, thereafter, appellee applied to and obtained from the judge of the Forty-Fifth district court of Bexar county, Tex., a temporary restraining order against the said local union and members thereof, enjoining them from injuring the property of appellee. On May 13, thereafter, the same court granted a temporary injunction against appellants; the order therein providing substantially as follows:
Appellants were enjoined from (1) injuring the property of appellee or the operation of its business in any manner; (2) injuring any of the officers, agents, or employees of appellee, and from threatening to inflict and attempting to inflict any of said injuries; (3) assembling, congregating, or remaining at or near the place of business of appellee company; (4) establishing pickets at or near appellee's place of business, except and subject to the following limitations and exceptions:
Appellants were permitted to have (a) only three representatives or pickets at appellee's place of business; (b) such pickets or representatives are not permitted to carry banners or placards; (c) one of said pickets is permitted to be placed on the outside and near each of the three entrances of appellee's place of business; (d) said pickets are permitted to peaceably and quietly enter into conversation with any of appellee's employees, but such conversations are to be conducted without threats or any manner of intimidation; (e) the names of each such pickets must be furnished to appellee company for the day that they are assigned for duty, and not more than three persons shall be assigned for picket service for any one day; (f) such pickets are authorized to induce, by peaceable and lawful means, any person to refuse to accept employment with appellee; and to induce and attempt to induce any employee of appellee to quit or discontinue such employment.
Such injunction order further provides that any person conducting picket duty, as above stipulated, is recognized as possessing the lawful right to perform the acts as authorized, by peaceable and lawful means; and in like manner, such legal right is thereby recognized on the part of each of the persons subject to the order, who may not be active on picket duty, provided such right is exercised at places other than at or near appellee's premises.
It is from such injunction and order that both appellants and appellees have perfected appeals to this court; each having filed an appeal bond and each presenting assignments and propositions complaining of the action of the trial court, as will be hereinafter discussed.
The injunction order is temporary only. The case has not been developed or tried on its merits. No findings of facts were requested by the parties or filed by the court. The trial court heard testimony from both parties before the order was entered. Many witnesses appeared for each of the parties, and the testimony is conflicting and disputed on most of the issues raised by the pleadings. The petition, filed and sworn to by appellee asking for the injunction, was denied under oath by appellants.
The court below was called upon to act in an emergency, without time or opportunity to hear the parties at length on the merits of the case. It is undisputed that prior to the entry of the injunction order there were fights, riots, and other serious difficulties between union and nonunion employees of the appellee company, and that the manager of appellee participated in or was involved in such fights and riots. Several persons were arrested. The police were often called and required in large numbers at appellee's place of business to protect lives and property. It is clear that not only were workers and strikers injured in the riots and fights, but that in some instances the police themselves were assaulted at and around the manufacturing plant of appellee.
Without regard to the origin of or responsibility for the differences between the parties, it was the duty of the court, pending a determination of the case on its merits, to preserve, as far as possible, the rights of all parties. Furthermore, it was the duty of the court to take such action and enter such orders, as under the particular facts and circumstances were necessary and proper, to protect life and property at and around the premises *Page 1348 
owned by appellee and where appellants were employed, both as to the litigants as well as others whose rights are shown by the record to have been transgressed.
We have carefully reviewed the record as presented, and it seems clear that the trial judge, through the entry of the temporary order herein, has undertaken to preserve the rights of all the parties pending the trial of the case on its merits. The question of whether he should grant any relief herein, as well as the form and extent of any such temporary emergency order, was necessarily addressed to his sound judgment and discretion, to be exercised under the law and the particular facts, necessities, dangers, and circumstances as they existed and were presented. Clearly, his action should not be disturbed by this court, unless he has abused that discretion. We do not find such to be the case. The trial judge heard all the evidence as submitted. He saw and heard the witnesses as they testified. The issues were strongly disputed and the testimony conflicting.
Appellants contend that the trial court abused his discretion in granting the injunction in the first place, and in restricting the actions of appellants in respect to picketing and in the carrying of placards giving expression to their views and contentions against their employer. We find it our duty to overrule appellants' assignment in all such respects, and to hold that under the record and the peculiar facts of this case, and the grave emergency existing, no abuse of discretion has been shown.
Appellee also asserts that the trial court abused its discretion in refusing to grant an injunction against appellants completely preventing any picketing; and by cross-assignments of error ask this court to issue its order to that effect; this, as contended by appellee, on the ground that the strike was called and is prosecuted for an unlawful or illegal purpose. We overrule all such assignments because we do not find from the record before us that appellee has shown any abuse of discretion on the part of the trial court in his refusal to grant such order. In so far as this court is concerned, we have fully read the record and studied the briefs of appellee, and we do not find that appellee has established that the action of appellants in calling and prosecuting the strike is of itself unlawful or for an unlawful purpose, which would authorize and justify an order completely enjoining all picketing. Vernon's Ann.Civil Statutes of Texas, arts. 5152 to 5154; Vernon's Ann.Criminal Statutes of Texas, Penal Code, art. 1643; Hudson v. St. Louis S.W. Ry. Co. (Tex.Com.App.) 293 S.W. 811; Tex.Jur. Vol. 27, p. 12; Corpus Juris Vol. 32, p. 355; Corpus Juris Vol. 32, p. 182, Note 76a.
The cases relied upon by appellee in this regard, among them being Webb v. Cooks', Waiters' and Waitresses' Union (Tex.Civ.App.) 205 S.W. 465, and the Papageorge Case (Cooks', Waiters' and Waitresses' Local Union v. Papageorge) (Tex.Civ.App.) 230 S.W. 1086, relate to an entirely different situation and state of facts than we have in the case at bar. The issues in those cases arose by reason of the fact that the union undertook to force a "closed shop" contract upon the owners and operators of a business establishment. Here we have ordinary differences between employees and employers themselves, resulting in a strike on the part of certain employees, and the violence, riots, and fights resulting therefrom, which have been enjoined by the court pending a trial of the case. Appellee does "conclude" from its pleadings that the strike was called to force it to unionize its business. Appellants specifically deny, under oath, such allegation or conclusion, and the trial court, through its order, allowing picketing in a restricted manner, necessarily found and held that, under the pleadings of the parties and the evidence adduced on the hearing, that the strike in itself was not unlawful nor called for an unlawful purpose. The trial court heard all testimony submitted by the parties on this question. He had the sworn petition and sworn denial before him, and he reached the conclusion above stated, after a lengthy hearing and the testimony of numerous witnesses. It was a question of fact as to whether the strike in question was illegal. The trial court found the facts against appellee on that issue, by allowing picketing in a very limited and restricted form. The evidence supports that finding, and we therefore overrule appellee's cross-assignment complaining of such action on the part of the trial court. City Nat. Bank v. Dunham, 18 Tex.Civ.App. 184, 44 S.W. 605; Tex.Jur.Vol. 17 pp. 267, 302, 926, and authorities discussed. *Page 1349 
Appellants earnestly insist that the injunction against some of them is without authority in law and unsupported in the evidence. No one of the appellants, however, filed any objections or pleas to such effect when they were made parties defendant in the trial court. On the other hand, it seems that each of them appeared through answer duly filed in their behalf, and in this state of the record and on this preliminary proceeding, and in view of the pleadings and testimony, we agree with the trial court that for the purposes of the hearing under question they each subjected themselves to the jurisdiction of the court. They are not precluded, on the trial of this cause on its merits, from presenting any special pleas to which they may be entitled.
It is our opinion that the learned trial judge has endeavored to fairly protect and justly safeguard the rights of all parties connected with or affected by the unfortunate situation and condition which is revealed in this appeal. By temporary injunction the property of appellee and the rights of appellants, as well as the rights of all others, are by law respected and secured. It may be that all or some of the parties, pending the trial on the merits, are limited or restricted in some ways, but by reason of the fact that lives and property must be protected from violence, from whatever source or reason, courts of equity are vested with power and authority to act promptly and effectively in emergencies to protect employees and employers alike.
We are not unmindful of the importance of the questions and the issues involved in this proceeding, such as the contentions of appellee that the injunction here sought should be complete, and of appellants that the order limiting and restricting picketing in some ways abridges the rights of free speech as discussed by the Supreme Court of this State in Ex parte Tucker, 110 Tex. 335, 220 S.W. 75.
Under the facts of this case, as shown by the record, the trial judge has exercised his judgment and power fairly and impartially in this temporary order, and the rights of all parties can be tried out on the merits in due course.
Because we do not find that the trial court has abused his discretion herein, and for the reasons stated, we overrule appellants' assignments of alleged error in this cause, and also appellee's cross-assignments, and affirm the action and judgment of the court below.
 On Motion for Rehearing.
We have carefully considered appellants' motion for rehearing in this cause. As suggested by appellants, the very purpose of a temporary or interlocutory injunction, as in this case, is to preserve the status quo, until the cause can be tried on its merits and the final decree entered following such trial. It is apparent, of course, that neither the issues of law nor fact have been determined in this case. The temporary order now in effect was entered by the trial court and affirmed by this court on pleadings and evidence of the parties directed to the emergency shown to exist, and for the purpose of safeguarding the rights of all parties until each could be fully heard and their rights determined by the trial court.
The undisputed evidence in the record before us shows definitely that riots, fights, and other acts of violence were taking place at the plant of appellee, thus endangering the safety and lives of strikers, nonstrikers, and peace officers; that representatives of both contending parties were involved in the disturbances, and the trial court, very properly we think, issued the temporary emergency order in a manner and form calculated and intended to preserve the rights of all concerned pending a fair and impartial trial of all issues of law and fact raised by the parties. The trial court not only had the authority, but it was his duty so to act on the facts and necessities presented. A court of equity, on the record presented, could not in justice and fairness to the parties and to the public have done otherwise. The safety and lives of the strikers themselves, as well as others, are thereby protected; the property of each is safeguarded. The right of workers to strike and to exercise their practice of picketing is not denied, though under the peculiar circumstances and dangers presented such practice is temporarily limited and restricted.
Of course, a temporary injunction should not be used or attempted for any purpose other than that well known to the law, to wit, to preserve the rights of the parties and third persons or property, pending a trial on the merits. It is not presumed that the issues here involved will not be brought to trial as promptly as *Page 1350 
the convenience of the parties and the court will permit. Either party has the right to insist upon a prompt trial and to there fully present all issues raised. In the meantime, it is the duty of all parties affected by the terms of the order of the court to fully respect such order.
In this temporary hearing and order, the issue is not that of fixing or determining the responsibility for the differences between the contending parties, but solely that of protecting the rights of each, and others who may become involved or injured by reason of the undisputed violence and recklessness which required the action of the trial court. The ultimate issues and contentions of the parties to the suit in the form of high or low wages, long or short hours, working conditions, an alleged arbitrary action of the employer to refuse to hear the pleas of the employees, and all other alleged differences can only be determined on the trial of the cause on the merits, which can and should be promptly held. Pending such trial, no fundamental or substantial rights are denied, and the order of the court fairly protects all concerned, even though for a limited time, to protect life and property, some privileges or rights may be restricted. Tex.Jur. Vol. 24, paragraphs 96-106; pp. 136-146, and cases cited.
For the reasons stated, we find it our duty to overrule the motion for rehearing.