## HADEN EMPLOYEES' ASS'N v. LOVETT et al.

### No. 10869.

Court of Civil Appeals of Texas. Galveston.

Nov. 17, 1938.

Rehearing Denied Dec. 8, 1938.

Bracewell & Spiner, of Houston, for appellant.

W. P. Hamblen, of Houston, for appellee W. D. Haden Co.

Mandell & Combs, of Houston, for appellees P. C. Lovett and others.

MONTEITH, Special Commissioner.

This is an appeal from an order entered by the Judge of the 113th District Court of Harris County, denying an application for a temporary injunction brought by Haden Employees' Association, plaintiffs below, to restrain defendants, P. C. Lovett, Donald White, H. L. McVey, R. B. Crawford, and Truck Drivers' Local No. 367, from in any way interfering with their contract of employment with W. D. Haden Company, one of the defendants herein, and from in any manner picketing the premises where members of appellant Association were employed, and to restrain defendant W. D. Haden Company from abandoning or abrogating their contract with appellant Association.

No findings of fact were requested of the trial court, and none were made.

Appellant pled that it was a voluntary association, consisting of all the employees of the W. D. Haden Company; that appellees McVey, Lovett and White, who were members of appellant Association, had conspired with appellee Crawford, who was an agent and representative of Truck Drivers' Local No. 367, to cause appellee W. D. Haden Company to abrogate and abandon its contract with appellant Association, and that said defendants were picketing the W. D. Haden Company place of business for that purpose.

Appellee W. D. Haden Company in its answer admitted the execution of said contract of employment with appellant Association, alleged that the acts of the other defendants constituted undue interference with the performance of said contract, which they allege was executed on April 9, 1938, that it provided for fixing hours, wages, etc., for a period of one year, that among other things it bound appellant Association not to strike against their employer as long as their said employer complied with the terms of said contract, that appellees White, Lovett and McVey were laid off temporarily, and that they conspired with appellee Crawford and appellee Labor Union to cause appellant Association to breach their contract with appellee W. D. Haden Company, and pursuant to such purpose they undertook to call a strike and were picketing their employer's place of business. Appellee W. D. Haden Company joined appellant Association in its prayer that appellees be restrained from picketing its place of business and that appellant Association be restrained from violating its contract with appellee W. D. Haden Company.

Appellees, with the exception of appellee W. D. Haden Company, denied that they had in any way conspired to injure or annoy appellant. They alleged that appellant was a company-dominated union; that said contract was signed under coercion and that their picketing was prompted by no other purpose than bettering the working conditions of appellees and the other employees of W. D. Haden Company. They alleged further that while this action is ostensibly in the name of appellant Association, it was in reality brought by the W. D. Haden Company.

The trial court, after consuming several days in the trial of the cause and hearing conflicting testimony on all material issues involved, denied application for temporary injunction of both appellant Association and appellee W. D. Haden Company.

■ The purpose of a temporary injunction before the trial of a cause on its merits is to preserve the subject-matter of the controversy as it existed at the time the suit was instituted. Midland Building & Loan Ass'n v. Sparks, etc., Tex.Civ.App., 35 S.W. 2d 774; Wizig et al. v. Jefferson, Tex.Civ. App., 74 S.W.2d 428; Moffitt y. Lloyd, Tex. Civ.App., 98 S.W.2d 860; Diamond v. Hodges, Tex.Civ.App., 58 S.W.2d 187; Gordon v. Hoencke, Tex.Civ.App., 253 S.W. 629.

Neither appellant Association nor appellee W. D. Haden Company have alleged or proven any damage or injury. Each has pled that it is happy in its contractual relations with the other, but alleges that it fears that the picketing ·complained of may cause the other to breach or abrogate said contract.

■ It is elementary that in order to justify the granting of an injunction some damage or injury must be shown. In the case of General Tire & Rubber Co. v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 102 S.W.2d 1086, it is held that a proceeding for injunction, being purely equitable, may be maintained only by one who shows clear right and certain injury that will reasonably flow from such rights. Cain v. Trueheart, Tex.Civ.App., 12 S.W.2d 239. In the case of San Antonio Public Service Co. v. Long, Tex.Civ.App., 72 S.W.2d 696, it is held that an injunction will not lie to prevent an alleged threatened act, the commission of which is speculative and the injury from which is purely conjectural.

■ This is particularly true in the granting of a temporary injunction, whose function is to preserve the rights of parties and property pending the trial of a cause on its merits. This point is ably stressed in the case of International Ladies' Garment Local No. 123 et al. v. Dorothy Frocks Co., Tex.Civ.App., 95 S.W.2d 1346. The court held in this case that it is not presumed that the issues involved in a case involving a temporary injunction will not be brought to trial as promptly as the convenience of the parties and the court will permit; that either party has the right to insist upon a prompt trial and to there fully present all issues raised. In a temporary hearing and order the issue is not that of fixing and determining the responsibility for the differences between the contending parties, but solely that of protecting the rights of each. The ultimate issues and contentions of parties to the suit can only be determined on a trial of the case on its merits, which can and should be promptly held. 24 Tex.Jur. pars. 96–106, pp. 136–146, and cases cited.

■ It is held in the case of Thomas v. International Seamen's Union of America, Tex.Civ.App., 101 S.W.2d 328, that a decree enjoining striking labor men from posting picket lines in the name of a labor union, or "in any other name", is error as undue limitation on their rights, in view of the statute granting the right of peace-

ful picketing to members of labor unions so long as they do not invade or trespass upon the premises of another without the consent of the owner. R.S. Article 5153.

Appellees strongly contend that upon the discharge of appellees White, McVey and Lovett, the strike was called by appellee Labor Union, of which they were members, and that they joined in the picketing. They contend that the picketing complained of has been at all times peaceful, and without violence of any kind. The record bears out this contention.

Since the judgment of the trial court in this case rests upon issues of fact and no findings of fact were made, either as such or in the judgment rendered, it must be presumed that the trial court, without violating the sound judicial discretion lodged in him, found the picketing complained of to have been peaceful; that no property rights had been violated, and that no damage or injury had been suffered by any party to the action. These findings under the following authorities are binding on this Court: Clifford v. Swift, Tex.Civ. App., 120 S.W.2d 112; Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A. L.R. 1235; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Glass v. Hoblitzelle, Tex.Civ.App., 83 S.W.2d 796.

No reversible error being shown, the judgment is affirmed.

Affirmed.

Opinion adopted by the Court.