**BURKE v. SHAFER.**

**No. 9775.**

Court of Civil Appeals of Texas. Austin.

March 16, 1949.

Rehearing Denied April 6, 1949.

W. H. Lipscomb, of San Angelo, for appellant.

Scott Snodgrass, of San Angelo, for appellee.

RAYMOND GRAY, Justice.

Appellant filed this suit against appellee in the form of trespass to try title wherein he sought to recover possession of land and damages. A jury was empaneled, but at the conclusion of the evidence, on appellee's motion, the trial court withdrew the case from the jury and rendered judgment that appellant take nothing and that all relief prayed for by him be denied.

This cause was before this court on appeal from an order of the trial court granting appellee a temporary injunction restraining appellant from disturbing appellee in his possession of the land involved in this suit. Burke v. Shafer, Tex.Civ.App., 189 S.W.2d 444, 447, Er.Ref.W.M.

We are of the opinion that the law as announced on that appeal disposes of the questions here presented. However, in deference to appellant's insistence that there is sufficient evidence to present a jury question, for which reason the action of the trial court in withdrawing the case from the jury and rendering judgment for appellee cannot be sustained, we will review the relevant testimony on the right of appellant to recover possession of the land. Appellant's assertion seems to be bottomed on that portion of the opinion on the former appeal wherein the court said: "While we do not pass upon the merits of the case, it is clear from the foregoing that the trial judge was correct in his finding that there was at least a bona fide dispute concerning Shafer's right to the possession of the lands, and the conclusion that he was entitled to have that possession preserved pending trial on the merits."

This court on that appeal was called upon to determine only the question of whether or not the status quo of the subject matter in controversy should be preserved pending a trial on the merits. The

court decided from the evidence then presented that "there was at least a bona fide dispute concerning Shafer's right to the possession of the lands". The court was not called upon to there decide, and in that proceeding could not decide, the ultimate issues between the parties. Haden Employees' Ass'n v. Lovett, Tex.Civ.App., 122 S.W.2d 230, Er.Ref.

Appellee filed an answer to appellant's petition, but offered no evidence. Rule 790, Texas Rules of Civil Procedure. However, appellant testified appellee was in possession of the land from May 31, 1945, until June 1, 1946; this being the period of time appellant asserts he was entitled to have possession.

Appellant introduced the written lease contract whereby D. C. Davis (the then owner of the land involved here) leased the land to A.A. Sugg and Calvin H. Sugg for a five-year period from June 1, 1936, with option of renewal for an additional five years, if such option was exercised by lessees in the manner therein provided. The said contract providing the leased premises might be sublet or the contract assigned, but providing subletting or assigning would not affect the liability of the original lessees on the contract. This contract of lease is fully discussed in the above opinion and we here refer to that opinion for the construction of the terms of the lease.

For the purpose of disposing of this appeal we will treat the evidence as showing that appellant is the owner of the land in controversy. He would then be entitled to its possession unless precluded from possession by reason of the terms of the above lease contract and the exercise, by lessees, of the option therein provided for extending it.

D. C. Davis, the owner of the land when the lease contract was executed and until after June 1, 1941, testified he did not receive the following letter:

"San Angelo, Texas, April 18, 1941.
"Mr. D. C. Davis,
"San Angelo, Texas.
"Dear Sir:
"This is to notify you that we, A. A. Sugg & C. H. Sugg, wish to exercise our option to lease for grass your four sections of land, Sections 16, 18, 20 & 30 for five years from June 1st, 1941, to June 1st, 1946.

"Yours truly,
"Calvin H. Sugg."

We do not attach any importance to this testimony because thereafter he ratified and confirmed the extension by accepting payment of rentals after the expiration of the primary five-year period of the lease. He testified he wanted the place back at the expiration of the first five years, but the lessees would not give him possession unless he himself was going on the land. That he did not want to do that and after some argument he "just backed off and quit." After this the lessees continued to pay the lease money and he accepted it. There is no dispute as to the payment and acceptance of the lease money and no contention is made that any money was not paid when due. Whether the lease was paid by appellee or by Sugg is not shown, but it is not material here, for under the contract the liability of Sugg for its payment is continued.

D. C. Davis testified he sold the land to appellant in 1944, and at the time told him Mr. Sugg had it leased and appellant asked him for how long: "A. I told him, I believe, he had it for—it would be the following June after I sold to him in November.

"Q. You told him he had it for the rest of this five-year period? A. Yes.

"Q. And you told him that whenever it was when this five years was up that was when this lease expired? A. That was the time I was looking to get it.

"Q. That is what I mean; and you told Burke that? A. Yes.

"Q. And he understood that was how you and Sugg had been operating? A. Yes.

"Q. You made that plain to him? A. Yes."

Not only did appellant purchase the land with notice that it was under lease, as is testified to by D. C. Davis, but he recognized appellee's possession by his answer filed, his own testimony, and because on

May 21, 1945, by a letter of that date addressed to appellee, he notified appellee he would take possession of the land on May 31, 1945, and would remove livestock therefrom. He therefore purchased the land subject to the outstanding lease which, because of the exercise of the option contained therein was extended to June 1, 1946. We hold appellant was not entitled to the possession of the land from May 31, 1945, to June 1, 1946. This renders it not necessary for us to discuss the question of damages which appellant says he sustained by reason of the possession of this land being withheld from him.

The judgment of the trial court is affirmed.

Affirmed.