R. J. SPEARS ET AL V. CITY OF SOUTH HOUSTON ET AL.

No. 7737. Decided March 5, 1941.
Rehearing Overruled April 23, 1941.
(150 S. W., 2d Series, 74.)

*J. S. Bracewell* and *J. S. Bracewell, Jr.,* of Houston, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the temporary injunction to restrain defendants from misapplying the interest and sinking fund and placing it in the general fund would not be authorized on the ground that the act had already been committed, because such holding ignores the fact that plaintiffs alleged a continuing wrong in that the petition showed that all the taxes for 1938, with a small exception, had been thus diverted and that there was an undetermined amount of taxes still due which the city would collect and divert if not restrained. Carroll v. Williams, 109 Texas 155, 202 S. W. 504; Henderson County v. Burke, 262 S. W. 94; 30 Tex. Jur. 392.

*J. E. McWhorter* and *Sewall Myer*, both of Houston, for defendants in error.

The allegations set forth in plaintiffs' petition were insufficient to support the injunction sought by them. Fletcher v. King, 75 S. W. (2d) 980; Thomas v. Bunch, 121 Texas 225, 49 S. W. (2d) 421; Johnson v. Ferguson, 55 S. W. (2d) 153, 159; Pearson v. Black, 106 S. W. (2d) 787.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Plaintiffs in this case, R. J. Spears, P. B. Mensel and L. C. Price, plaintiffs in error here, filed this suit as a class suit as resident taxpayers of the City of South Houston, a municipal corporation incorporated under the general laws of the State, against the following parties: A. W. Gregg, Nick Rhinehart, William Bonds, Chick Charlesworth, C. W. Hall, W. M. Meador, Fidelity Casualty Company of New York, a corporation, J. P. Weatherred, City National Bank of Houston, Harrisburg National Bank, Supreme Lorge of Slavonic Benevolent Order of the State of Texas, a corporation, and the City of South Houston.

Plaintiffs allege that no relief of any character is sought against the Supreme Lodge because it merely has an interest in the subject matter of the suit, being the owner and holder of some of the bonds constituting a part of the city's outstanding bonded indebtedness.

Reference is made to the opinion of the Court of Civil Appeals for a full statement of the allegations of the petition, which for present purposes are taken as true.

Briefly, defendants in error, other than the city, are the city officials above named. They, according to the allegations, diverted and misapplied the interest and sinking fund taxes of the 1938 levy of taxes ($1.50 per hundred total) in that they deposited the total of the apportionments for interest and sinking fund purposes (more than $16,000.00), in the general fund account and expended it as such. The city officials, it is alleged, handled the city's revenues in this fashion for the purpose of evading the law; also that they made a like levy for 1939 (43 cts. for general fund purposes and a total of $1.07 for interest and sinking fund purposes), and that the revenues from the 1939 levy will be handled in the same manner as in 1938.

More particularly, it is alleged, that there was expended through the general fund account for the fiscal year 1938 (ending June 30, 1939), the sum of $34,113.56; that the total of the taxes assessed by the 1938 ordinance, or levy, (total valuation $1,708,203.75) was $25,627.68 and by virtue thereof $19,135.26 of the taxes collected was by law required to be placed in the various sinking fund accounts, and only $6,492.32 of the taxes collected was required to be placed in the general fund; that the city's anticipated revenues from other sources was approximately $7,000.00; that this sum, together with the $6,492.32, (total $13,492.32) was not sufficient to pay the necessary operating expenses of the city, the total requirements by departments being $15,440.54, itemized as follows: City Hall, $145.02; general city gov. $1,825.40; water, $4,694.98; fire, $158.87; street, $2,654.36; tax, $4,692.78; police $485.25; misc. $783.88.

It is alleged that in excess of $16,000.00 was collected from the sinking fund levies under the 1938 ordinance and that such amount was placed in the general operating fund of the city, "and disbursed * * * as such, crediting to the said sinking fund, out of the 1938 taxes so levied, only the sum of $1700.00, which was deposited in the interest and sinking fund account of the refunding bond issue, nothing whatever being placed in the other interest and sinking fund accounts"; that although "there was barely enough revenue available for general purposes to pay the actual and necessary operating expenses" of the city, as itemized above, defendants expended all of the moneys levied for interest and sinking fund and deposited in the general fund account and expended therefrom an amount aggregating $14,704.12, as follows: commission for sale of bonds, $6,028.75; attorney's fees, $3,500.00; to the mayor for

alleged services (over and above compensation theretofore fixed) $1,897.50; to Tom Hodge, for alleged services claimed to have been rendered in connection with the issuance of bonds, $2,-700.00; for stenographic hire, certified copies, $108.79; for alleged miscellaneous expenditures, $268.82; that such expenditures were far in excess of those "which could be lawful and proper or incident to such issues of bonds, * * *; that they were far in excess of any anticipated revenues for the general operating fund, and * * *, even if valid, which is expressly denied * * *, were * * * taken from the taxes levied for interest and sinking fund accounts * * *, and constituted a * * * misapplication of said funds."

It is alleged that the sums of money diverted and expended as above set out are in excess of $16,000.00, and that "these plaintiffs are entitled to recover the same for the use and benefit of said city"; also that the taxes levied under the 1939 ordinance (general fund, 43 cts., interest and sinking fund, $1.07), "will be deposited in the general fund, as heretofore, and will be illegally diverted and misapplied contrary to law."

It is further alleged that "a far greater sum has been misapplied than is covered by said surety bonds; that said defendants are either insolvent or unable to respond in damages to the extent of the funds already misapplied, over and above said surety bonds; that they (plaintiffs) have no adequate remedy at law and unless aided by the equitable powers of this court will suffer irreparable damage and injury."

Particular reference is made at this point to the opinion of the Court of Civil Appeals (137 S. W. (2d) 199, first column), for a summary of the allegations with respect to the notices given defendants by plaintiffs prior to filing their petition of their intention to sue, the allegations with respect to the action of the city officials in thereafter employing a special attorney to represent the city.

Plaintiffs' petition was duly verified. Defendants, by verified answer, in addition to their general demurrer and special exceptions, general denial (except as to allegations admitted), deny specially the misappropriation or misapplication of bond or other funds of the city; and say plaintiffs' allegations are untrue, especially as to amounts credited to the bond sinking funds and as to amounts which plaintiffs alleged should have been placed in such funds and as to unlawful expenditures of bond funds. They specifically deny they "unlawfully and illegally" employed a special attorney in bad faith, alleging among

other things in this connection that the attorney "was employed to represent the city in its controversy with B. J. Spears and others in which a suit might or might not have been filed," and deny that on November 1, 1939 (plaintiffs' petition filed November 16, 1939) defendants had knowledge of "plaintiffs' intention to file a suit and if they did * * *, who would be sued, etc."

The closing paragraph of defendants' answer reads:
"These defendants further say that there is now in each of said sinking funds, more than sufficient moneys *to service* the outstanding bonds of the city. They further say that these sinking funds are now more than sufficient to pay all interest and maturities of principal on said bond *as the same become due during this year*. The defendants further say that as other taxes for this and other years are collected, they will as long as they remain in office, continue to place in said sinking funds sufficient tax collections *to properly service* said bonds." (Italics ours).

Plaintiffs sought, pending a hearing of the case, "a temporary injunction," enjoining defendants from apportioning the taxes other than "as set forth in said ordinance" (1939) or from "placing any taxes collected for interest and sinking fund purposes to the general fund of the city." The relief sought on final hearing is that plaintiffs have judgment for $16,600.00 due the city; that the city officials be removed from office and that the temporary injunction be perpetuated.

Defendants specially excepted to the allegations of plaintiffs' petition as being insufficient to entitle them to the issuance of *a temporary injunction,* in that, among other things, the facts averred are not alleged with sufficient certainty to show a clear right to such relief; and further, on the ground that no facts were alleged showing the insolvency of defendants or that plaintiffs would suffer irreparable injury if such relief was not granted.

The trial court sustained defendants' general demurrer to plaintiffs' petition *insofar as it constituted an application for a temporary injunction,* and entered its interlocutory order to that effect. The Court of Civil Appeals affirmed the action of the trial court. 137 S. W. (2d) 197.

It is urged in plaintiffs in error's application for the writ that the Court of Civil Appeals erred in holding that the injunction was not authorized on the theory that the acts sought to be temporarily enjoined had already transpired, in holding

that the injunction should not issue on the ground that the allegations are too general and uncertain and do not show a reasonable apprehension of injury.

■ We have concluded after full consideration of the record that while the question presented is not free from difficulty, the action of the courts below was correct.

The trial court, as shown by the order appealed from, did not sustain a demurrer to plaintiffs' petition and refuse to hear the case, but merely, upon application for an interolcutory injunction, sustained defendants' demurrer *in so far as the temporary injunction applied for is concerned.*

While ordinarily the "every reasonable intendment rule" is applied as against a general demurrer in favor of the sufficiency of pleading (Walters v. Great National Life Ins. Co. (Com. App.), 132 Texas 454, 124 S. W. (2d) 850), a distinction is made where summary relief on the part of the trial court is sought by way of a temporary injunction. Harding v. Pearson & Co. et al (Com. App.), 48 S. W. (2d) 964. The facts are not alleged with that particularity that warrants the conclusion that the trial court has erroneously applied the law to certain and undisputed facts, such as was the case in Southland Life Ins. Co. v. Egan et ux, 126 Texas 160, 86 S. W. (2d) 722.

Plaintiffs' prayer is that the city officials be enjoined from: (a) apportioning the taxes other than as set forth in the ordinances and from placing those levied for interest and sinking fund purposes to the city's general fund, and expending it as such; (b) from creating any obligations against the general fund beyond the reasonably anticipated revenues for general fund purposes; and (c) from paying any other costs and expenses of this case, except as directed by the court, pending a hearing on the merits.

The only allegations of fact that tax money has been unlawfully taken from one fund and placed in another relate to the handling of taxes for the fiscal year, 1938. This year ended June 30, 1939, which was several months before the petition was presented to the trial court, the pleading having been filed November 16, 1939, and the demurrer having been sustained December 11, 1939. Obviously the court did not err in refusing to enjoin disposition of the 1938 taxes, which the officials had already made.

The only alleged fact supporting the allegations that the 1939 taxes would be diverted and misapplied is that defendants

diverted and misapplied the 1938 taxes. The items for which the 1938 taxes were expended are set out above,—commissions, attorney's fees, etc., but it is not alleged what obligations the officials will create as a basis for diverting and misapplying the taxes to be collected for the fiscal year, 1939. The effect of the allegation as to diversion of the taxes for the preceding year is that "plaintiffs believe" as they expressly allege, "that said course of conduct will continue in the future unless restrained * * *."

■ The mere belief of plaintiffs, unless predicated upon something more than the acts of the officials for the one year just ended, is but a circumstance tending to show the officials would probably expend the funds in the same general manner as in the preceding year; and is not sufficient to create more than a vague apprehension of injury on the part of plaintiffs. It was not sufficient to constitute a threatened irreparable injury to plaintiffs, and for this reason was not sufficient to warrant the trial court in granting the temporary writ applied for. Johnson v. Ferguson, 55 S. W. (2d) 153 and authorities cited in paragraph (15, 16) of the opinion. Id. p. 159. As stated by the Court of Civil Appeals, "what will constitute the creation of 'obligations against the general fund beyond the reasonably anticipated revenues for such purposes' is obviously a matter of judgment," and that of the city officials must be controlling without hinderance until it is clearly made to appear that they are acting unlawfully or fraudulently, or in abuse of their discretion. See paragraph (4,5) of the opinion, 137 S. W. (2d) 200 and Mayer v. Nostes, 71 S. W. (2d) 398.

■ We are in agreement also with the conclusion of the Court of Civil Appeals that the trial court did not err in refusing to enjoin the city officials from paying any expenses or costs of the case pending a trial on the merits. Paragraph (6,7) of the court's opinion, 137 S. W. (2d) 200. The allegation that the attorney was employed for the purposes alleged is not one of such undisputed and certain fact as would be necessary to warrant the court in granting the injunction sought. Southland Life Ins. Co. v. Egan et ux, 126 Texas 160, 86 S. W. (2d) 722. The alleged facts must make it appear that an injurious wrong, irreparable in its nature, is imminently threatened before injunctive relief will be allowed. Wertheimer v. Walker, 96 S. W. (2d) 831.

Plaintiffs rely strongly upon the case of Commissioners Court v. Burk, (wr. ref.) 262 S. W. 94, in contending that sufficient facts are alleged to show a sufficient apprehension of

irreparable injury on their part with respect to an unlawful transfer of funds to authorize the injunction prayed for.

In that case the trial court *heard the facts* and the Court of Civil Appeals held the evidence was sufficient to uphold the action of the trial court in granting an injunction against the commissioners court. The facts disclose that for many years prior to the trial the court had unlawfully transferred money from one constitutional fund to another to meet its own view of expedience. The evidence was not only such as to show that had been its practice during a long period of years but also was such as to sustain the trial court's finding that the custom had not been abandoned. It was in the light of this evidence and that of the county judge expressly so limiting the duration of his intention not to continue the unlawful practice as to create a reasonable apprehension in the court's mind that the practice would not be abandoned, after the trial unless enjoined.

The allegations of the present case do not bring it within the rule of the Burk case. Plaintiffs' contention is overruled.

In view of the fact that the case was not heard upon its merits we leave undetermined the questions that may arise upon a subsequent appeal after final hearing.

The judgment of the Court of Civil Appeals affirming that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 5, 1941.

Rehearing overruled April 23, 1941.