**Joe L. HILL, Appellant,**

v.

**Waggoner CARR, Speaker of The House of Representatives et al., Appellees.**

No. 10515.

Court of Civil Appeals of Texas.

Austin.

Nov. 6, 1957.

Joe L. Hill, Austin, pro se.

Will Wilson, Atty. Gen., C. K. Richards, W. V. Geppert, Asst. Attys. Gen., Crehshaw, Dupree & Milam, Lubbock, for appellee.

HUGHES, Justice.

Joe L. Hill, appellant, a taxpaying citizen of Travis County and the State of Texas, brought this suit against Waggoner Carr, a member of the Texas Legislature and Speaker of the House of Representatives, Dorothy Hallman, Chief Clerk of the House of Representatives of the Texas Legislature, and the State Board of Control and its members, J. M. Patterson, Jr., E. Harold Beck and C. S. McAuliff, for the purpose of enjoining Speaker Carr and the members of his family from occupying any portion of the State Capitol (building) for residential purposes and to enjoin the Speaker, Dorothy Hallman and the Board of Control from performing certain acts, detailed below,[1] relevant to such occupancy.

The Board of Control filed a plea to the jurisdiction of the Trial Court on the ground that the Board was an agency of the State of Texas and that the State was not a party but was a necessary party to the suit, and by plea in abatement urged additionally that, as to it, this was a suit against the State without first obtaining permission of the State to be sued.

Speaker Carr pleaded in abatement that appellant was without justiciable interest entitling him to maintain this suit and that certain necessary parties were absent. He also answered on the merits.

Dorothy Hallman filed no pleadings.

The pleas of the Board of Control and Speaker Carr were sustained by the Court

---

1. "Waggoner Carr.
  "1. That the Defendant Waggoner Carr be restrained from using any portion or space within the Capitol Building of Texas as a place of abode for himself or family.
  "2. That he be restrained from using for his personal use and benefit the services of any and all persons when the services are compensated for by the State of Texas.
  "3. That he be restrained from approving Payroll vouchers falsely certifying the true nature of the work done and services rendered by employees of the House of Representatives of the Legislature of Texas.
  "Dorothy Hallman.
  "1. That she be restrained from falsely certifying the true nature of the work done and the services performed by the employees of the House of Representatives of the Legislature of Texas.
  "Board of Control of the State of Texas.

  "1. That the Board of Control be restrained from permitting the use of any portion of the Capitol Building for use as a place of abode by any official of the State of Texas whose compensation is fixed by the Constitution of the State of Texas.
  "2. That the Board of Control be restrained from executing, issuing or negotiating purchase order contracts where the intended use of the property is illegal.
  "3. That the Board of Control be restrained from approving any invoice or other instrument or orally approving payment by Warrant drawn on the State Treasurer of Texas for any item of personal property for use in the existing apartments on the second floor or elsewhere within the Capitol Building of Texas when the use of such apartments is by an official of the State of Texas whose compensation is fixed by the Constitution, or where such occupancy violates any law or laws of the State of Texas."

and no amendment being tendered appellant's suit was dismissed.

■ Insofar as appellant seeks to eject Speaker Carr and his family from the living quarters they are alleged to occupy in the State Capitol we hold that he lacks the interest required by law to authorize maintenance of the suit.

■ The only interest which appellant alleges in such allegedly illegal occupancy [2] of the Capitol is that of a taxpayer. He alleges no special interest. The interest which he alleges is common to all taxpayers and to the general public.

The legal principles upon which our decision is based are of long standing and of unquestioned validity. A leading case is that of City of San Antonio v. Strumburg, 1888, 70 Tex. 366, 7 S.W. 754, 755. That suit was brought by a property owner and taxpayer in San Antonio against the City to enjoin it from erecting a public building on an open space in the City known as the "Military Plaza." In holding that such owner whose property did not abut the Plaza could not maintain the suit the Court said:

"We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself. As applied to public measures the doctrine is elementary. (2 Cooley's Blackstone, 219.) For a special damage resulting from the invasion of a right enjoyed by a party in common with the public, the law

affords him a remedy by private action, but if the damages he suffers are only such as are common to all, the action must be brought by the lawfully constituted guardian or guardians of the public interest. * * * It has been intimated that the reason this rule was established was in order to prevent a multiplicity of suits, which might result if each individual were permitted to sue for damage resulting from a public nuisance which was common to all others, but we apprehend that the underlying principle is that individuals have a right to sue for a redress of their own private injuries, but for such as affect all the public alike an individual is not the representative of the public interest. The legislature of the state represents the public at large and has full and paramount authority over all public ways and public places. 2 Dillon's Mun.Corp., sec. 656. A suit in such case must be brought by such officer or officers as have been intrusted by the law making power with this duty."

See also San Antonio Conservation Soc. v. City of San Antonio, Tex.Civ.App. Austin, 250 S.W.2d 259, writ refused.

In Osborne v. Keith, 142 Tex. 262, 177 S.W.2d 198, 200, it was stated:

"This court recognizes the right of a taxpaying citizen to maintain an action in a court of equity to enjoin public officials from expending public funds under a contract that is void or illegal. Looscan v. County of Harris, 58 Tex. 511; City of Austin v. McCall, 95 Tex. 565, 68 S.W. 791; Terrell v. Middleton, Tex.Civ.App., 187 S.W. 367, error refused 108 Tex. 14, 191

2. Art. 668, Vernon's Ann.Civ.St., expressly authorizes such occupancy. It reads:
"No room, apartment or office in the State Capitol Building shall be used at any time by any person as a bedroom or for any private purposes whatever. This article shall not apply to the rooms occupied by the judges of the Supreme

Court and the Courts of Civil and Criminal Appeals on the third and fourth floors of the Capitol, nor to the offices and living quarters occupied by the Lieutenant Governor and the Speaker of the House of Representatives on the second floor of the Capitol Building."

S.W. 1138, 193 S.W. 139; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94. The vigilance of a citizen who takes upon himself that burden in the interest of good government is to be commended. However, the procedure is generally recognized as being drastic and, in order to be authorized to maintain such an action, a citizen must bring himself strictly within the established rules. Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. The right, therefore, of a citizen to maintain such an action is strictly limited to cases of illegality of the proposed expenditure and does not extend to cases of unwise or indiscreet expenditures. The contract upon which it is proposed to pay out public funds must be illegal and not merely voidable at the option of the public official entrusted with authority in the premises. Spears v. City of South Houston, 136 Tex. 218, 150 S.W.2d 74; Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980; Mayer v. Kostes, Tex. Civ.App., 71 S.W.2d 398, writ refused; Glimpse v. Bexar County, Tex.Civ. App., 160 S.W.2d 996, writ refused."

We have copied in footnote (1) the whole of appellant's prayer contained in his pleading. Insofar as he seeks to enjoin public officials from expending public funds under contracts, existing or anticipated, alleged to be void or illegal we hold that this portion of the suit must fail for want of necessary parties. Absent are the contracting parties, the State and those with whom it is alleged that the State has made or will make void and illegal contracts.

Necessary parties have been recently defined by our Supreme Court in Scott v. Graham, 292 S.W.2d 324, 327, as follows:

"Whether a person is a necessary party is determined by his interest in the subject matter and outcome of the suit. As stated in Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, all persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties."

In holding that the County was a necessary and indispensable party to the suit to enjoin the County Treasurer, County Judge and Commissioners Court from paying an alleged illegal claim for services as an assistant district attorney the Court in Scott v. Graham said:

"It is our opinion that the county is clearly a necessary and indispensable party to this suit. Although petitioner sues in his own right as a taxpayer, the county has an even more direct interest in the subject matter and the outcome of the case. Its presence before the court in its corporate name is required not only because of its interest, but also to enable the court finally to dispose of the controversy in the one proceeding. Without a judgment against the county, there will be nothing to prevent its future officials from making the payment which petitioner now seeks to enjoin."

Other cases in point are Bryan v. Texas State Board of Education, Tex.Civ.App. El Paso, 163 S.W.2d 837, writ ref., w. o. m.; Davis v. Wildenthal, Tex.Civ.App. El Paso, 241 S.W.2d 620, writ ref., N.R.E.

The judgment of the Trial Court was correct and should be and is affirmed.

Affirmed.