## TEXAS STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS et al., Appellant,

v.

## DALTON, HINDS & O'BRIEN ENGINEERING CO., et al., Appellee.

### No. 60.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 27, 1964.

Waggoner Carr, Atty. Gen., of Texas, Pat Bailey, Asst. Atty. Gen., Austin, Billy E. Lee, Sp. Asst. Atty. Gen., Houston, Joe B. McMaster, Sp. Asst. Atty. Gen., Georgetown, Joe Resweber, County Atty., Houston, for appellant.

Ben H. Rice, III, and Wm. McDonald, of Vinson, Elkins, Weems & Searls, Houston, for appellee.

SHARPE, Justice.

This is an appeal from a take-nothing judgment rendered against appellants, who were plaintiffs in the trial court, based upon the granting of appellees' motion to withdraw the case from the jury and to render judgment for appellees, made when appellants had rested their direct case.

Appellants sought a permanent injunction against the individual appellees, Dalton, Hinds, O'Brien and McCune, based upon alleged violations by them of the Engineer-

ing Registration Act (Article 3271a, Vernon's Ann.Tex.St.), praying that further violations of said Act be prohibited. The suit was filed on Jan. 18, 1961. After several preliminary hearings it went to trial on August 19, 1963 on appellants' third amended original petition, filed August 3, 1963, and appellees' third amended original answer, filed August 12, 1963. The trial was concluded and judgment entered on August 22, 1963.

Appellants urge nine points of error which are replied to by seven counterpoints on the part of appellees. It is apparent that the case turns basically on the action of the trial court in withdrawing the case from the jury and in rendering judgment in favor of appellees, pursuant to appellees' motion for such relief. Such question is presented by appellants' point nine and appellees' first counterpoint, and will be first determined by us after a brief discussion of certain background matters.

The record reflects that on July 18, 1960, the Attorney General of Texas rendered an opinion to the Secretary, Texas State Board of Registration for Professional Engineers, on the question of whether a corporation using the words "engineering company" in its name is in violation of Section 1 of the Engineering Registration Act, when the incorporators have not been duly registered or exempted under the provisions of such act. The opinion reflected that Dalton, Hinds & O'Brien Engineering Company of Houston, Texas, had filed Articles of Incorporation with the Secretary of State on June 20, 1957, and none of the said three persons who were named as incorporators and directors were registered as Professional Engineers under the laws of Texas. In summary, the said opinion of the Attorney General held as follows:

"Article 2.01B(2), Texas Business Corporation Act, does not prohibit incorporation for the practice of professional engineering where the actual practice is carried on only by registered professional engineers.

"Section 1 of the Engineering Registration Act (Article 3271a, Vernons Civil Statutes) does not prohibit using the words 'engineering company' in its name where the incorporators and members have not been duly registered or exempted under the act."

The correctness of such opinion is not questioned in this case.

In some instances we will refer to the parties as they appeared in the trial court. The plaintiffs consisted of the Texas State Board of Registration for Professional Engineers, Texas Society of Professional Engineers and certain chapters and subdivisions thereof, and a number of individuals who are Registered Professional Engineers. The defendants included the individuals hereinabove named along with Dalton, Hinds & O'Brien Engineering Company, Inc. However, it was made clear, on March 19, 1962, that plaintiffs were not seeking relief against the said corporation.

Appellants' point number nine is as follows:

"The trial court erred in discharging the jury and rendering judgment for defendants, since there was in the case evidence of probative force to sustain a verdict for plaintiffs by the jury."

Appellees' first counterpoint, in reply to appellants' point number nine, reads as follows:

"There is no competent evidence which would raise an issue made by appellant's trial pleadings upon which a permanent injunction could properly have been granted."

We sustain appellees' first counterpoint. In paragraphs I through VII of appellants' last amended petition, hereinafter more fully discussed, there was an attempt to allege conduct on the part of appellees as a basis for the requested permanent injunction. Considering the evidence in the light most favorable to appellants, it was not sufficient to support the grounds asserted, and, in some instances, even if such grounds had

been proved, a permanent injunction would not have been required or authorized.

In paragraph I of said amended petition it is alleged, in substance, that in the year 1957, about four years before this suit was filed and six years before it was tried, Dalton, Hinds & O'Brien Engineering Company, Inc., distributed a brochure containing drawings representative of the work of said corporation, tending to disclose secret process details developed by Phillips Chemical Company and Phillips Petroleum Company, without their consent, which appellants say constituted misconduct in the practice of professional engineering and violation of duty of safeguarding property. It was further alleged that in 1955 Phillips Chemical Company had let a prime contract to Tellepsen Petro-Chem Constructors, who had subcontracted certain work to Dalton, Hinds & O'Brien Engineering Company, then a partnership. Tellepsen had entered into a written secrecy agreement with Phillips and, in turn, entered into a similar agreement with Dalton, Hinds & O'Brien Engineering Company. The last mentioned agreement was in evidence but the first one, between Phillips and Tellepsen, was not. Counsel for appellants attempted to develop testimony as to processes which had been tendered by Phillips to Dalton, Hinds & O'Brien, during the course of construction on the Phillips work and that they had published a brochure referring to same. Appellees' objection that the contract between Phillips and Tellepsen had not been offered and that it would be the best evidence as to what was secret, was properly sustained. It was further shown by the witness McLaughlin, who was an employee of Tellepsen at the time of the Phillips work, that the brochures in question had been returned to him about the middle of the year 1957. Appellants have failed to show by the statement of facts or otherwise what the answer of said witness would have been in connection with questions concerning such alleged secret processes. Aside from the failure to produce the Phillips-Tellepsen agreement there was a complete failure to produce

other competent evidence supporting any disclosure of secret process details developed by Phillips as was alleged in paragraph I of the petition. The evidence offered by plaintiffs, therefore, failed to raise any issue for jury determination concerning the allegations of paragraph I of their petition.

In paragraph II of appellants' amended petition it is alleged, in substance, that in connection with the contract between Tellepsen, referred to in paragraph I of said petition, Dalton, Hinds & O'Brien, then a partnership, performed the structural engineering and drafting of all work on Line E of the Borger butadiene plant for Phillips Chemical Company; that although Tellepsen checked all engineering work done by Dalton, Hinds and O'Brien, it did not supervise the same; that the structural engineering work was done by Homer A. Dalton and G. L. Hinds, with no supervision by a registered professional engineer, constituting the practice of the profession of engineering in violation of Article 3271a, Section 23, V.A.T.S. Appellants failed to prove such allegations by competent evidence. There was no direct testimony that Dalton or Hinds had done such work, and the circumstantial evidence, referred to as the "pattern of operations" by counsel for appellants, was not sufficient to raise a jury issue as to the allegations of paragraph II of the petition.

In paragraph III of appellants' petition it is alleged, in substance, that Homer A. Dalton personally designed, in detail, a 24 inch overhead vent condenser line, including spring supports, coming off the tower at the Light Ends of the Furfural Unit, in connection with work done for Humble Oil Company at its Baytown Refinery, pursuant to a purchase order of Humble dated July 5, 1957; that such work was done by Dalton without supervision or assistance from anyone else in his company; that all engineering work was checked by registered professional engineers employed by Humble, but no engineer for Humble supervised the work done by Dalton, Hinds & O'Brien on said job; that such conduct constituted the

practice of the profession of engineering by Dalton. Appellants failed to prove such allegations and have not briefed or argued the same on this appeal. No issues were presented in the trial court or in this court on account of the allegations contained in paragraph III of appellants' amended petition.

Paragraphs IV, V, VI and VII of appellants' amended petition involve allegations concerning brochures allegedly published and circulated by appellees in the years 1955, 1956, 1957, 1958 and up to the month of August 1959. In substance, such allegations are that appellees published and circulated such brochure and solicited business on the basis of same, in violation of Section 1 of Article 3721a, V.A.T.S., because Dalton, Hinds, O'Brien and McCune, the officers of the company, as well as other employees of the firm, were represented to have years of experience in various fields of engineering proficiency, when, in truth and in fact, they were not registered professional engineers with experience of any field of engineering. It was alleged that the publishing of said brochures and the descriptions therein contained tended to convey the impression that each individual defendant was a professional engineer, when they were not such, constituted a violation of law. Each of the brochures offered in evidence specifically names and identifies as such the registered engineers employed by the Company. While it is doubtful that said brochures might convey the impression contended for by appellants, the issue as to whether they did so does not control this appeal because of another reason which requires approval of the ruling of the trial court. The evidence is undisputed that the complained of brochures have not been used since the month of August 1959. It is further shown that on August 27, 1959, the Secretary of the State Board wrote appellees questioning their right to practice professional engineering and that immediately thereafter the appellees acted to remove any question concerning the said brochures. Appellants concede this at page 12 of their brief, after referring to the date of August 28, 1959, in the following language:

"Also from that momentous day, following the posting of the letters from the State Board, the Company had a new brochure which apparently does not and cannot mislead or deceive the public as to the professional qualifications and experience of members and employees of the company."

Under such circumstances the trial court correctly ruled that no issues of fact for the jury were raised with reference to the said brochures. At the time the suit was filed the said brochures had not been used for about a year and a half, and at the time of trial they had not been used for a period of four years. There was no evidence showing a threat or probability that the said brochures would be used again.

This is not a case where a statute specifically authorizes an injunction upon a showing of certain facts. Counsel for appellants have briefed and argued the case on the basis that an equitable injunction was sought. In this case, the most that the evidence established was fully completed acts concerning said brochures, a cessation of use of same long prior to the suit, without any showing of intent on the part of the defendants to resume such conduct, and without a showing of a threat or probability of future wrongful acts or of legal injury to the plaintiffs.

■ Plaintiffs' last amended petition did not complain of any other allegedly wrongful acts on the part of defendants after the month of August, 1959, and there was no direct allegation or proof that there was any probability of the resumption of such acts. Under such conditions it is apparent that there was a total failure to make out a case for permanent injunction, and it was the duty of the trial judge to instruct a verdict or to render judgment in favor of appellees. San Antonio Public Service Company v. Long, 72 S.W.2d 696, 698 (Tex. Civ.App.1934, n. w. h.); Spears v. City

of Houston, 136 Tex. 218, 150 S.W.2d 74 (1941); 31 Tex.Jur.2d, Injunctions, Secs. 22–23, pp. 67–70; 56 Tex.Jur.2d, Trial, Sec. 214, pp. 554–558; Texas Practice, Vol. 6, Injunctions, Sections, 329, 333–335.

Appellants' remaining points, numbers 1 through 8, do not present reversible error, but, on the other hand, tend to buttress the correctness of the trial court ruling that appellees were entitled to judgment in their favor.

▋ Appellants' points 1 and 2 assert that the trial court erred in ordering them to amend their first amended original petition so as to allege the particular facts constituting violations of the engineering registration act by each individual defendant (point 1); and in ordering them to amend their second amended original petition by striking therefrom paragraphs VIII and IX (point 2). The trial court properly sustained a number of special exceptions to each of appellants' first amended and second amended original petitions. The allegations complained of by such special exceptions were too general and did not give fair notice. Appellants do not point to any particular exception or ruling of the lower court in their brief and argument here. Instead, they contend, generally, that it was error for the trial court not to permit them to plead the statutory language involved and its violation by appellees so that proof of any violation of the statute tracked could be offered. The only authorities cited are Rules 45(b) and 47(a) Texas Rules of Civil Procedure. Appellants' contention is not well taken. A pleading in terms of statutory language and violations thereof in general terms might not in many cases give fair notice to the person affected and, in many instances, would leave him to guess as to what he has allegedly done or left undone. In a suit for permanent injunction it is particularly important that the pleadings should definitely and particularly identify the nature of the wrongful acts done or threatened and the persons committing or threatening to commit the same. Allega-

tions of fact in a suit for injunction should be direct, certain and particular and leave nothing to inference. The petition should contain specific fact allegations showing a right in the pleader, the wrong done by the defendant, and the resulting injury. 31 Tex.Jur.2d, Injunctions Sec. 125, pp. 240–242; Rule 682, T.R.C.P.; Texas Practice, Vol. 6, Injunctions, Secs. 333–335. Appellants' points 1 and 2 are overruled.

▋ Appellants' point number 3 asserts that the trial court erred in rejecting plaintiffs' offer into evidence of plaintiffs' exhibit number six. Said exhibit was a partial transcript of questions, answers and comments made at a meeting of the State Board on September 4, 1959, when appellee Hinds appeared before it. The exhibit was produced by Colonel Green, Secretary of said Board. The witness admitted that the said transcript was not complete and was not accurate in all respects. It was inadmissible for such reason even if it had otherwise constituted competent evidence. Appellants' contention that the exhibit was admissible under Article 3737e, V.A.T.S., is not well taken. The exhibit is not of the kind which is contemplated by such statute and, even if it had been otherwise admissible, a proper predicate was not laid. See McCormick & Ray, Texas Law of Evidence (2d Edition), Vol. 2, pages 116 et seq., Vol. 1, pp. 734–739. Further, an examination of the exhibit shows that much of it consists of hearsay and unsworn testimony by various persons. In any event said exhibit was inadmissible as a part of plaintiffs' direct case. The trial court ruled that he would admit those portions which were admissions against interest, but appellants did not thereafter make a further offer in such connection. Appellants' point number 3 is overruled.

▋ Appellants' point number 4 asserts that the trial court erred in rejecting plaintiffs' offer to read the applicable law to the jury as a predicate to showing why this case was before the court and the reasons for seeking specific relief by injunction.

Counsel for appellants attempted to offer in evidence for the consideration of the jury portions of Article 3271a, V.A.T.S. This, of course, was improper. The matter of stating the law to the jury and giving definitions in connection therewith at the appropriate time was within the province of the judge, and counsel for appellants was so advised at the time he took a bill of exception in connection with the said ruling of the court. The trial court ruled correctly on this point. City of Dallas v. Firestone Tire & Rubber Co., 66 S.W.2d 729, 733 (Tex.Civ.App.1933, writ refused); Daniel Lumber Co. v. Settlemire, 256 S.W.2d 922 (Tex.Civ.App.1953, wr. ref. n. r. e.). Appellants' point number 4 is overruled.

■ Appellants' point number 5 asserts that the trial court erred in rejecting the testimony and evidence showing that defendant Dalton and defendant Hinds were not registered engineers, although each had sought registration. The record shows a stipulation that Dalton and Hinds were not so registered. This was the ultimate, material fact. Whether said appellees had sought registration did not have any possible relevance to any issue in the case and was properly excluded. Appellants' point number 5 is overruled.

■ Appellants' point number 6 asserts that the trial court erred in rejecting evidence on the breach of the secrecy agreement between Dalton, Hinds & O'Brien Engineering Company and Tellepsen Petro-Chem constructors. This question has hereinbefore been partially discussed in connection with appellants' point 9 and paragraphs I and II of appellants' third amended original petition. The agreement between Tellepsen and Dalton, Hinds & O'Brien was in evidence but the secrecy agreement between Tellepsen and Phillips was not. It is difficult to see how it could be determined that something that Phillips had developed was secret, or fell within its agreement with Tellepsen, without having the secrecy agreement between Phillips and Tellepsen

in evidence. The allegations of appellants' pleading to the effect that appellees had in 1957 circulated a brochure which tended to disclose secret process details developed by Phillips were not attempted to be proved other than by the agreement between Tellepsen and Dalton, Hinds & O'Brien and by certain questions to the witness McLaughlin, to which objections were sustained. The record does not show an offer of proof or what the answers to such questions would have been and no error is presented in such connection. Garcia v. Lacey, 316 S.W.2d 183 (Tex.Civ.App.1958, n. w. h.). Under the circumstances appellants' point number 6 is without merit and is overruled.

Appellants' point number 7 asserts that the trial court erred in rejecting evidence of the faulty engineering work done by defendants on the Phillips chemical company project. There was no allegation in appellants' trial pleadings that appellees had been guilty of faulty work in connection with the Line E project for Phillips. The issue made by the pleadings was whether appellees Dalton and Hinds had done the structural engineering work on Line E without the supervision of a registered professional engineer. This matter has hereinbefore been partially discussed in connection with appellants' point number 9 and paragraph II of appellants' amended petition. Under their point 7 appellants say that the trial court erred in excluding certain testimony of the witnesses McLaughlin, Ford and Ballew. In such instances appellants developed the testimony of the said witnesses on bills of exception which appear in the Statement of Facts. Aside from the fact that the said faulty work was not alleged by appellants in their trial pleadings and the apparent immateriality of same, it appears that the excluded testimony of said witnesses did not identify the persons who did the work in question and there was not sufficient evidence to raise and support an issue that any of appellees did the same. Under the circumstances, the trial court correctly overruled appellants' point number 7.

Appellants' point number 8 asserts that the trial court erred in rejecting plaintiffs' trial amendment and the evidence offered thereunder. The proffered trial amendment, in substance, alleged that in October 1956, appellee Dalton had ordered the witness Ballew, who was then an employee of Dalton, Hinds & O'Brien, to affix his professional seal on certain drawings of structures made for Humble Oil & Refining Company by employees of Dalton, Hinds & O'Brien Engineering Company, which drawings were outside Mr. Ballew's field of engineering proficiency and not supervised by him. The incident involved in the proposed trial amendment took place over three years prior to the filing of the suit and almost seven years before the time of trial. The amendment did not purport to cover anything that had been developed in the evidence, but related to an entirely new subject. Further, the testimony developed on bill of exception in connection with the attempted trial amendment showed that some of the allegations therein made were not supported by the witness Ballew; particularly since he testified that the drawings in question were within his engineering specialty of structural engineering. The evidence further established that Mr. Ballew had left the employ of Dalton, Hinds & O'Brien in the month of October 1956, and had not since been employed by them. Between the filing of the suit in 1961 and the trial in 1963 the trial court had sustained a number of special exceptions to appellants' petitions and amendments were thereafter filed. The third amended original petition of appellants was the fourth pleading filed by them, due in part to such preliminary rulings. Appellants were placed on abundant notice that appellees were insisting that they be advised as to the specific charges against them, as was their right. The trial judge properly overruled appellants' proferred trial amendment. There was no abuse of discretion in connection with such ruling. Ellis v. Michigan Realty Co., 138 S.W.2d 880 (Tex.Civ.App. 1940, writ refused). Appellants' point number 8 is overruled.

The record shows that the attorneys of record for the plaintiffs-appellants are the County Attorney of Harris County, Texas, and one of his assistants, and the Attorney General of Texas, one of his regular assistants and two special assistants. However, the record further shows that the trial court proceedings as well as those in this court were actually conducted by a Houston attorney who had been designated as Special Assistant Attorney General in this case, and had been employed and compensated by plaintiffs, other than the State Board.

Article 3271a, V.A.T.S., which creates the State Board of Registration for Professional Engineers, is an important piece of legislation. Section 17 of said Act provides that "A firm, or a co-partnership, or a corporation, or a joint stock association may engage in the practice of professional engineering in this State, provided such practice is carried on by only professional engineers registered in this State." The opinion of the Attorney General of Texas, heretofore mentioned, recognizes that appellees are legally entitled to operate their engineering business and use their names in an engineering company, where the actual practice is carried on only by registered professional engineers. In the case presented here there was not sufficient evidence of violations of the said Act and a proper basis for an injunction was not established. We have passed only upon those questions which were directly presented to us for decision herein. However, it is apparent that in a proper case where violations of said Act can be proved by competent evidence, a person suffering damage on account thereof or having a justiciable interest would be entitled to appropriate relief.

The judgment of the trial court is affirmed.