

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 28, 1970

Mr. R. L. Dunbar
County Auditor
Montague County
Montague, Texas 76251

Opinion No. M-696

Re: Authority of Commissioners Court to pay for publication of plat in the absence of budgetary authority and declaration of emergency, and under stated circumstances.

Dear Mr. Dunbar:

You have advised us in your recent letter that on October 13, 1969, the Commissioners Court of Montague County, by order duly recorded in the minutes of the Court, redistricted Montague County into voting precincts under authority of Article 2.04 of the Election Code of the State of Texas.

You state that in accordance with Article 2.04 the Commissioners Court published its order in the issues of October 23, 30 and November 6, 1969, of a newspaper published in Montague County, and that such notice gave a description of the boundaries of the newly formed voting precincts in compliance with Article 2.04.

You further state that in the first week of May, 1970, immediately prior to the primary election, the county commissioners, without an order of the Commissioners Court having been previously entered, caused a plat to be published in another newspaper published in Montague County, said plat being published in two issues during the same week, and that the plat reflected the boundaries of the newly formed election precincts in only the southern half of the county. Thereafter, on May 11, 1970, the Commissioners Court, by a majority vote of 3-2, retroactively authorized the publishing of the plat in the second newspaper in May, 1970; and that now the County Auditor refuses to approve the publishers account.

-3363-

You have inquired whether the county auditor may lawfully approve payment of the account and whether the county may lawfully pay the account.

In prescribing that certain publications must be made relating to a change in the voting precincts, Article 2.04 merely prescribes the minimum publication that is required under the statute. This minimum is mandatory. Attorney General's Opinion No. 0-4623 (1942) and V-266 (1947). The statute does not purport to limit the publishing of the information. Whether additional publication of the same or related information is made is a discretionary matter within the power of the Commissioners Court to decide. The statute having expressly provided that the Commissioners Court shall give publicity to the order redistricting the voting precincts, the Court has broad discretion in exercising that power. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d, 451 (1948).

We note that in this instance the first publication was made in a newspaper published in the northern end of the county whereas the second publication was made in a newspaper published in the southern end of the county. We can not say that the Commissioners Court could not reasonably reach the conclusion that publication in the second paper was necessary in order to reach voters in all parts of the county, and that the need for such publication constituted an emergency. Attorney General's Opinion No. 0-2498 (1940). Certain presumptions attach to the validity of the official acts of the Commissioners Court, Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980,987 (1941).

It is our opinion, therefore, that the Commissioners Court if it has not already done so, may by proper order put the accoun covering publication in the second newspaper in line for approval by the county auditor and upon such approval the county may pay the account.

The court would need to amend the budget under the provisions for amendment set out in Article 689a-11, Vernon's Civil Statutes, including a finding of an emergency and a statement of the facts creating such emergency, as well as order the publication of the plat and payment of the fee for the publication.

As authority for the validity of an order amending the budget and finding an emergency after the obligation has been incurred, we quote as follows from Morrison v. Kohler, 207 S.W.2d, 951 (Tex.Civ.App. 1948, error ref. n.r.e.):

"We cannot agree with appellants' contention that the Order of the Commissioners' Court of December 9, 1946, amending the budget for the several commissioner's road precincts is void for the reason that on such date no emergency then existed authorizing such amendment because the services of the engineers, for which the amendment was made to cover, had already been performed. We find nothing in the budget law requiring the budget be amended at the time or before an obligation not included in the budget could be legally assumed. We feel that it would be altogether too strict a construction to place upon the provisions of the budget laws governing counties to require that the budget should be amended at the time the obligation was incurred. On the contrary we believe that the Commissioners' Court in amending any budget to cover any item of expense not already covered in the original budget should be controlled by the facts and circumstances as existed at the time the obligation was incurred or assumed. Since the amendment of the budget in question was made to take care of and provide for payment for services theretofore rendered, the question of whether an emergency authorizing the amendment of the budget existed, it was proper for the Commissioners' Court to be governed by the facts and circumstances

existing on the date of the original employment, and when this is done we feel that a sufficient showing of an emergency authorizing the amendment of the budget in question was made.  See Spears v. City of South Houston, 136 Tex. 218, 150 S.W.2d 74, and cases there cited."

For additional authority to the effect that a Commissioners Court may ratify that which it could approve in the first instance, see Attorney General's Opinions Number M-635 (1970), WW-1332 (1962), M-164 (1967), and C-156 (1963), and the cases cited therein.

To the extent that it conflicts with this opinion, Attorney General's Opinion Number O-6132 (1944), is hereby overruled.

## S U M M A R Y

It is within the discretionary power of a commissioner's court to elect to order publication of information relating to the redistricting of the county into voting precincts which is in addition to the minimum publication required by Article 2.04 of the Election Code of Texas.

Attorney General's Opinion No. O-6132 (1944) is overruled to the extent of any conflict with this opinion.

The commissioner's court may by an order passed subsequently to the incurring of an obligation for such additional publication amend the budget and find an emergency so that the county auditor may approve and the county may pay the account for such publication.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-3366-

Prepared by James S. Swearingen
Assistant Attorney General

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Austin C. Bray, Jr.
Gordon Cass
Terry Roberts
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant