CORPUS CHRISTI CLASSROOM
TEACHERS ASSOCIATION et
al., Appellants,

v.

CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT et al.,
Appellees.

No. 1035.

Court of Civil Appeals of Texas,
Corpus Christi.

March 31, 1976.

David L. Perry, Corpus Christi, for appellants.

Richard Hall, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

Because the trial court refused to temporarily enjoin a school district and its board of trustees from future violations of the Open Meetings Law while conducting hearings about the discharge of teachers, a teacher and a classroom teachers association appeal.

Appellants were plaintiffs in the trial court. Plaintiffs included the Corpus Christi Classroom Teachers Association, two of its officers, suing individually and as representatives of a class of school teachers, and L. D. Rumfield, an individual school teacher.

Appellees were defendants in the trial court. Defendants included the Corpus Christi Independent School District and its board of trustees.

The Open Meetings Law, in general, prohibits governmental bodies, such as school boards of trustees, from holding any closed meetings or executive sessions, with certain exceptions. Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Supp.1975). The statute allows governmental bodies to close disciplinary and discharge hearings, unless the employee involved requests a public hearing. The appropriate portion of the statute reads as follows:

Sec. 2.

"(g) Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee or to hear complaints or charges against such officer or employee, *unless such officer or employee requests a public hearing.*" (Emphasis supplied.)

In other portions of the statute, meetings and deliberations are defined:

"Sec. 1.   As used in this Act:

(a) 'Meeting' means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken   .   .   .

(b) 'Deliberation' means a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business."

A fair summary of the relevant facts shows these events and circumstances. Rumfield had been employed as a teacher by the school district for the 1974–75 school year under a first year probationary contract. This type of contract is automatically renewed at the end of each school year unless the district acts to terminate it; in which case the teacher, after other preliminary steps, is entitled to a hearing before the board. Tex.Educ.Code Ann. § 13.103 et seq. (1972).

In March of 1975 the district gave notice of its intention to terminate Rumfield's contract. Whereupon Rumfield timely requested a hearing on the termination before the board. These actions culminated in a hearing before the board on May 19, 1975, at which hearing Rumfield was represented by counsel and by a representative of the classroom teachers association.

Before the hearing began, Rumfield exercised his right to request a public hearing under Sec. 2(g) of the Open Meetings Law, supra. Evidence was then presented on Rumfield's behalf and on behalf of the district.

At or near the end of the presentation of the evidence, one or more of the board members inquired about whether it was permissible for the board to go into a closed session. The board's attorney then advised the board that the law was not clear whether a closed session was permissible or not. The school district's superintendent then advised the members of the board that they did have a right to go into closed session. Then the board did, in fact, proceed to a

closed session, over the objections of Rumfield's attorney. The general public, including Rumfield, his attorney, and the other appellants were excluded. The record is silent about the subjects that were discussed during the closed session.

After about fifteen minutes in closed session, the members of the board reopened the meeting and they voted to terminate Rumfield's contract at the end of the 1974–75 year.

Thereafter, on August 1, 1975, Rumfield and the other appellants filed this suit from which their appeal arose. After receiving a copy of plaintiffs' petition, the district's superintendent sent a letter (undated) to Rumfield's attorney tendering Rumfield a new and complete board hearing. The attorney received the letter on August 7, 1975, which was before the injunctive hearing started in the trial court, on August 14, 1975. There is nothing in the record about the results of the new hearing or whether it was held.

Evidence was presented at the hearing before the trial court on the matter of the appellants' request for a temporary injunction. After the conclusion of the hearing, the trial court rendered and signed its order, on August 15, 1975, denying the temporary injunction. From that order the appellants bring this appeal.

The appellants, in one point of error, contend that the trial court erred by refusing to grant a temporary injunction against future specific violations of the Open Meetings Law, where appellees' violation of that statute was proven as a matter of law.

■ The first rule governing our review of this case is set out in *Texas Foundries v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952). There our Supreme Court said that a trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties preceding a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of

discretion. Further, we are required to review the evidence, and to draw legitimate inferences from the facts in evidence, in the light most favorable to the trial court's judgment. *Erickson v. Rocco,* 433 S.W.2d 746, 750 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). And the applicant bears the burden of establishing facts entitling him to an injunction. See 31 Tex.Jur.2d Injunctions § 150 (1962) and cases therein cited.

We will consider first the appellants' contention that they have proven as a matter of law the appellees' violation of the Open Meetings Law. As we have stated, the board did proceed into a closed session at Rumfield's hearing before a final decision was subsequently made in open meeting. And if the members of the board, in the closed session, deliberated about or discussed Rumfield's "evaluation, reassignment, duties, discipline, or dismissal", it is clear to us they did so in contravention of the Open Meetings Law. Section 1(a) and (b), supra; Sec. 2(g), supra. Those sections unqualifiedly prohibit the board's discussion, over a teacher's objection, of that teacher's dismissal or termination in closed session.

■ In our case, the record is silent about what was discussed, if anything, while the board was in closed session. The trial court, therefore, was entitled to decide that the appellants failed in their burden to show a violation by the board of the Open Meetings Law. If there was no violation, then it is our duty to uphold the trial court's order denying the temporary injunction.

But it is not necessary for us to affirm or reverse the trial court's judgment based upon whether or not the appellees violated the Open Meetings Law. Even if we assume that the appellees did violate the law by the closed session that was objected to, and that the trial court believed that the violation occurred, we would still be required to affirm the trial court for the reasons that follow about the probability of future violations.

As we have noted, we must review the evidence and draw inferences in the light most favorable to the trial court's judgment. Which brings us to an examination of the favorable evidence the trial court could have considered about the probability of future violations of the Open Meetings Law by the board in the conduct of its meetings.

When the matter of a closed session by the board arose at Rumfield's termination hearing, the board's attorney advised, in substance, that the propriety of a closed session was not clear under the law. Subsequently, after the appellants filed suit, the district's superintendent tendered Rumfield a new and complete hearing.

 From that evidence the trial court could have reasonably inferred that the board, because of the advice of its attorney, did not intentionally violate the Open Meetings Law; that, thereafter, the board reconsidered the propriety of its engaging in a closed session; and that to show good faith, the tender was made to Rumfield of the new hearing. Thus, the trial court could have reasoned that the violation was not likely to recur.

In that regard, we approve of the reasoning set out in *Spears v. City of South Houston,* 136 Tex. 218, 150 S.W.2d 74 (Tex.Com. App.1941, opinion adopted) and *Panola County Commissioners Court v. Bagley,* 380 S.W.2d 878 (Tex.Civ.App.—Texarkana 1964, writ ref'd n. r. e.).

From *Spears,* at page 77, we quote:
"The mere belief of plaintiffs, unless predicated upon something more than the acts of the officials for the one year just ended, is but a circumstance tending to show the officials would probably expend the funds in the same general manner (illegally) as in the preceding year; and is not sufficient to create more than· a vague apprehension of injury on the part of plaintiffs. It was not sufficient to constitute a threatened irreparable injury to the plaintiffs, and for this reason was not sufficient to warrant the trial court in granting the temporary writ applied for. . . ."

And from *Bagley,* at page 884, we find: "The alleged improper and claimed illegal acts complained of by plaintiffs-appellees were all past and completed acts. It is well settled law that in the absence of a showing that they probably will recur, past acts and practices will not furnish a basis for injunctive relief. . . ."

In further support of the trial court's judgment is the existing presumption that public officials will do their duty in a legal manner. See 47 Tex.Jur.2d Public Officers § 118 (1963).

Considering that presumption and those facts and inferences we have discussed, we hold that the trial court did not abuse its discretion by denying the appellants' request for a temporary injunction. Appellants' point of error is overruled.

The judgment of the trial court is therefore affirmed.