TEXAS EMPLOYMENT COMMISSION, Appellant,

v.

Estela R. MARTINEZ, Appellee.

No. 6524.

Court of Civil Appeals of Texas, El Paso.

Dec. 29, 1976.

John L. Hill, Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., J. H. Broadhurst, Michael E. Stork, Asst. Attys. Gen., Austin, for appellant.

Jimmy Stewart, Legal Aid Ass'n, LuEllen Abraham, Barry Snell, Legal Aid Ass'n, San Antonio, for appellee.

## OPINION

PRESLAR, Chief Justice.

This case involves the validity of Texas Employment Commission policies with regard to disqualification to receive unemployment compensation because of pregnancy and because of misconduct which caused termination of employment. The question discussed is mootness of the claim for injunction. The trial Court granted a permanent injunction and we reverse and render that portion of the judgment and affirm the remainder.

Estela R. Martinez, Appellee herein, brought suit against the Texas Employment Commission seeking a recovery of benefits denied her by the Commission and seeking a permanent injunction against certain alleged policies of the Commission. Following her discharge from a bank, she made application for unemployment benefits and the Commission ruled that because she was terminated from her employment due to misconduct, she would be disqualified from receiving benefits for a period of six weeks; also, because she was pregnant, she was held to be ineligible to receive benefits during the final three months of her pregnancy and for six weeks after the birth of her child. Her damages were stipulated to be $228.00 for the six weeks' disqualification and $556.00 for the pregnancy ineligibility. Prior to trial, the $556.00 was paid, and the judgment awarded $228.00 for the six weeks' disqualification. The Court found that the Texas Employment Commission had a policy of giving a six weeks minimum disqualification in all cases in which employee misconduct was found rather than imposing a disqualification of one week to twenty-six weeks as provided by the Statute. Tex.Rev.Civ.Stat.Ann. art. 5221b–3(b). The Court also found that the Commission had a statewide policy of disqualifying women from receiving unemployment compensation benefits from the last trimester of pregnancy until six weeks after childbirth, and that same was in violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and also in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The Court permanently enjoined and restrained the Commission from pursuing either of the foregoing practices or policies. Prior to trial, the Plaintiff Martinez filed a supplemental petition stating that she had been informed that the Commission had changed both of its policies and if such were true and no injunction would then lie, then she asked the Court for a declaratory judgment that the Commission had been guilty of such policies in the past. The Court granted this declaratory relief in its judgment in addition to the injunction and damages.

Generally, it is the purpose of injunctive relief to halt wrongful acts threatened or that are in the course of accomplishment, rather than to grant relief against past actionable wrongs or to prevent the commission of wrongs not eminently threatened. 31 Tex.Jur.2d Injunctions, Sec. 2. In the case before us, the evidence is that the Defendant, Texas Employment Commission, had revised its poli-

cies concerning the matters complained of by the Plaintiff herein, and there is nothing in the record to indicate that there will be a resumption of such policies in the future. Under such circumstances, a permanent injunction is not in order. The general rule is that past and discontinued acts will not support injunctive relief if there is nothing to indicate a probability that they will recur. 31 Tex.Jur.2d Injunctions, Sec. 22, at 69; *Texas Pet Foods, Inc. v. State,* 529 S.W.2d 820 (Tex.Civ.App., Waco 1975, writ ref'd n.r.e.). In the case of *Texas State Board of Registration for Professional Engineers v. Dalton, Hinds & O'Brien Engineering Co.,* 382 S.W.2d 130 (Tex.Civ.App., Corpus Christi 1964, no writ), it was held that where there was no direct allegation or proof that there was any probability of the resumption of such acts, there was a total failure to make out a case for permanent injunction. Cited as supporting that rule are *San Antonio Public Service Co. v. Long,* 72 S.W.2d 696 (Tex.Civ.App., San Antonio 1934, no writ); *Spears v. City of South Houston,* 136 Tex. 218, 150 S.W.2d 74 (1941); 31 Tex.Jur.2d Injunctions, Secs. 22, 23; and 56 Tex.Jur.2d Trial, Sec. 214. Plaintiff brought this suit solely in her own behalf, seeking only to enforce her private right, and not alleging that hers was a class action or brought on behalf of others similarly situated. There is no hint or suspicion in the record before us that the Commission is threatening a revival of its policies against her.

As noted, Plaintiff filed a supplemental petition stating that she had been informed of the change of policies, and if the Court found such change of policies, then an injunction would not lie; in the alternative, she requested a declaratory judgment that the Defendant had been guilty of the policies in the past. As noted earlier in this opinion, the Court granted both the injunctive relief and the declaratory judgment. We reverse and render that portion of the judgment granting the injunction and affirm that portion of the judgment granting declaratory relief. In doing so, we have some question as to whether asking a Court to declare that past acts were in fact done

presents a present justiciable controversy between the parties within the meaning of the Declaratory Judgment Act. Tex.Rev. Civ.Stat.Ann. art. 2524–1. However, error in that regard is not assigned by the Appellant.

That portion of the judgment granting a permanent injunction is reversed and judgment is here rendered dissolving same. In all other matters, the judgment is affirmed.