

# The Attorney General of Texas

December 5, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Thomas H. Haynie
Chairman
Texas Private Employment Agency
  Regulatory Board
Sam Houston Building
Austin, Texas

Opinion No. H- 1269

Re: Whether the deliberation and vote on findings of fact, conclusions of law and final orders by the Private Employment Agency Regulatory Board are required to be conducted in a public session.

Dear Mr. Haynie:

You have asked whether the Open Meetings Act applies to proceedings under the Administrative Procedure Act.

You advise that the Private Employment Agency Regulatory Board has adopted Rule 398.01.00.004(h) which provides in part:

> A quorum of the Board necessary to transact any business, including the holding of any hearing in a contested case, is six (6). Any order or decision issued by the Board under these hearing rules shall be approved by a majority in attendance. <u>Such orders or decisions shall be stated either in the record or shall be voted on in executive session immediately following the close of the hearing by vote of the members in attendance.</u>

(Emphasis added). You argue that the decision-making process under the Administrative Procedure Act, V.T.C.S. article 6252-13a, is exempted from the requirements of the Open Meetings Act, V.T.C.S. article 6252-17, and you urge us to reach the same conclusion.

We find no support for the proposition that the Administrative Procedure Act was in any way designed to permit state agencies to avoid the requirements of the Open Meetings Act. The Open Meetings Act is designed for the purpose "of assuring that the public has the opportunity to be informed concerning the transactions of public business" and should be

liberally construed to effect that purpose. Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist., 466 S.W.2d 377 (Tex. Civ. App. — San Antonio 1971, no writ). We believe the Open Meetings Act requires deliberations to be held in public unless specifically exempted in section 2 of that Act. Corpus Christi C.T.A. v. Corpus Christi Ind. Sch. Dist., 535 S.W.2d 429 (Tex. Civ. App. — Corpus Christi 1976, no writ). All votes are required to be held in open session. V.T.C.S. art. 6252-17, S 2(1).

## S U M M A R Y

The Administrative Procedure Act does not provide any exception to the requirement that governmental bodies meet in open session.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn